## SUPREME COURT

SEARS AND OTHERS agt. GEARN AND HOUGHTON.

The *copartnership property* can not be seized on an *attachment* against one absconding partner, for a partnership debt (*see* Stoutenburgh agt. Vandenburgh, *ante p.* 229). This was so under the old statutes (*see* 16 *John.* 102). Where the *account book* belonging to the copartnership was seized upon an attachment against an absconding partner, it was ordered to be delivered up by the sheriff to the resident partner.

*Albany Special Term November* 1852. *Motion for an order directing the sheriff of Saratoga to restore to the defendant Houghton, an account book seized under an attachment.* The defendants had been copartners in trade, at Saratoga Springs. On the 27th of October 1852, the copartnership was dissolved. This suit was commenced on the 6th of November, to recover a copartnership debt. An attachment was issued against the defendant *Gearn,* alone, as an absconding or concealed debtor, by virtue of which the sheriff of Saratoga took from the possession of the defendant *Houghton,* without his consent, an *account book,* belonging to the copartnership, and containing uncollected copartnership accounts. The attachment contains a direction to the sheriff to take the property of Gearn, and also the partnership property of the defendants.

F. S. ROOT, *for Plaintiff.*

MERRILL & McKINDLEY, *for Defendant Houghton.*

HARRIS, Justice.—Gearn having absconded, the plaintiffs were entitled to have his property attached as a security for the satisfaction of such judgment as they might recover against him. But it was only the property of Gearn, and not the copartnership property of his firm, that might thus be seized (Stoutenburgh agt. Vandenburgh, 7 *How. Pr. R.* 229).

In Brewster agt. Honigsburger (2 *Code Rep.* 50) though the report of the case states that the attachment had been levied upon property belonging to the copartnership, the motion was to

set aside the attachment itself, on the ground that an attachment could not issue against two of several copartners who were non residents, when there was another partner who was a resident of the state. The motion was very properly denied. No question was made upon the right of the officer in serving the attachment, to seize copartnership property.

An attachment may be issued against an absconding partner, upon a copartnership debt, for the reason that such debt is, as well the individual debt of each copartner, as the joint debt of the copartnership. The property of the absconding partner may, therefore, be seized to secure the payment of such debt, as well as any other debt for which he is individually liable. But no authority is given to take, under such an attachment, the property of the copartnership. The resident partner has a right to retain this, for the purpose of paying the partnership debts. The attachment will only operate upon the interest of the debtor against whom it is issued, in the surplus which may remain after closing up the partnership accounts.

In the matter of Smith (16 *John.* 102), an attachment had been issued under the provisions of the act for relief against absconding and absent debtors (1 *R. L.* 157), against Smith. The attachment, like that issued in this case, required the sheriff to take, not only the property of Smith, but the property of Soulden & Smith, who were partners in trade. Under the attachment, the sheriff seized the books of account of the copartnership. Upon a motion made for that purpose, the court directed the goods, books, &c. of the partnership which had been seized, to be restored to Soulden, the resident partner. The court said "the sheriff can take the separate property only of the absconding debtor. He can not seize the partnership effects, for the other partner has a right to retain and dispose of them for the payment of the partnership debts." So far as the mode of serving the attachment is concerned, the provisions of the Code are not distinguishable from those of the previous statutes authorizing attachments against absconding and absent debtors. I am of opinion, therefore, that the direction which this attachment contains, requiring the sheriff to seize the partnership property was unauthorized, and that the seizure of the account book of

the partnership was illegal. An order must therefore be entered, requiring the sheriff to restore to the defendant Houghton, the account book seized by him. I think, too, the plaintiffs should be charged with the costs of this motion.