## WEST-SIDE BANK v. MEEHAN.

*(Supreme Court, General Term, First Department. November 18, 1892.)*

1. ATTACHMENT—FRAUD—QUANTUM OF EVIDENCE.

To establish fraud as a ground of attachment, there must be as much evidence as would be essential to maintain an action based on fraud.

2. APPEAL—OBJECTIONS NOT RAISED BELOW.

Defendant cannot object on appeal that certain affidavits were allowed to be read, where the record fails to show that he raised the question of their incompetency in the lower court.

Appeal from special term, New York county.

The West-Side Bank sued out an attachment against Frank C. Meehan, and he moved to set it aside. From an order denying this motion he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

W. M. Safford, for appellant. Henry Daily, Jr., for respondent.

VAN BRUNT, P. J. It seems to be assumed by the counsel for the respondent, and he seems to be fortified in his assumption by a few precedents, that, in order to establish fraud for the purpose of the issuance of an attachment, a different rule prevails as to the weight of evidence from that which prevails in the case of an action based upon fraud. It is familiar law that, in order that an action may be maintained for fraud, the plaintiff must show affirmatively facts and circumstances necessarily tending to establish a probability of guilt; but, if the evidence is capable of an interpretation equally consistent with innocence as with guilt, the former meaning must be given to it. Therefore the evidence must be of greater weight than simply to justify a conclusion of guilt. It must necessarily tend to establish a probability of guilt, and be inconsistent with innocence. This rule also prevails in respect to provisional remedies, and is just as stringent as in an action. This is expressly held in the case of Morris v. Talcott, 96 N. Y. 100, and, if it had not been so held, it must be apparent that there is no reason that, in the pursuit of a provisional remedy, a defendant should be branded with fraud upon lighter evidence than would be sufficient to maintain an action upon that ground. Attachments and orders of arrest cannot be maintained upon mere presumption. In the case at bar the original affidavits were clearly insufficient to justify the issuance of the attachment. The allegations of fraud were made upon information received from a third party, and no reason whatever is given for the failure to produce his affidavit. The affidavits subsequently read, however, showed the sudden withdrawal from defendant's bank, and the existence of deposits in savings banks, fortifying the information received by proof of actual facts, necessarily tending to show a withdrawal of property not for the purposes of business. It is true that it is now objected that the respondent should not have been permitted to read these additional affidavits. But the difficulty is that this objection now comes too late. It does not appear to have been raised in the court below. If it had been, we think it would have been error to have allowed these affidavits to be read. It is true it is claimed in appellant's points that these affidavits were read over defendant's objection, but we cannot find any objection in the record, and consequently cannot consider the same. The order appealed from should be affirmed, with $10 costs and disbursements. All concur.