(6 Misc. Rep. 168.)

### DONNELLY CONTRACTING CO. v. STANTON et al.

(Superior Court of Buffalo, Special Term. December, 1893.)

ATTACHMENT—FRAUD—DECLARATIONS OF DEBTOR.

An attachment on the ground that defendants were about to dispose of their property with fraudulent intent will be vacated, where the only proof of fraud is a statement, made by defendants, that they intended to sell certain goods; that they would not have money to pay plaintiff, or any of their creditors, and would not pay them; and that plaintiff could stand it.

Action by the Donnelly Contracting Company against J. W. Stanton and Samuel N. Amm. Defendants moved to vacate an attachment theretofore granted against their property. Granted.

George B. Webster, for plaintiff.
John Hubbell, for defendants.

HATCH, J. The attachment in this action was issued upon the ground that the defendants were about to dispose of their property with intent to cheat and defraud their creditors. The motion to vacate is based upon the ground, among others, that the proof is insufficient to establish the charge. The proof of fraud is contained in an affidavit of a third person, and reads:

"State of New York, County of Erie, City of Buffalo—ss.:

"John Reedy, being duly sworn, deposes and says that he resides in the city of Buffalo, New York, at No. 140 South Michigan street; that he knows J. W. Stanton and Samuel N. Amm, composing the firm of J. W. Stanton & Co., of said city, and have transacted business with them; that he also knows the Donnelly Contracting Company, and the officers thereof; that the said firm of J. W. Stanton and Company have been engaged in clearing the property on which the Coatsworth elevator was situated before it burned, in August, 1893; that he has heard conversations between said Stanton, Amm, and others in their employ, and that in said conversation said Stanton and Amm have said that they did not and would not have the money to pay the said Donnelly Contracting Company, or any other of their creditors, and that they intended to sell the iron received by them from the ruins of the Coatsworth elevator. Deponent further says that said Stanton and Amm

have said, in deponent's presence, that they would not have money to pay any of their creditors, and would not pay them, and that the said Donnelly Contracting Company had a large office, and could stand it.

"John Reedy.

"Sworn to before me this 13th day of December, 1893.

"E. J. Plumley, Notary Public."

The words from which fraud is to be inferred rest in the statement of declarations made by defendants to the effect that they would not have money to pay plaintiff, or any of their creditors; that they intended to sell the iron received by them, and would not have money to pay any of their creditors, and would not pay them; and that plaintiff could stand it. No allegation is made, or proof given, that defendants have committed any act with respect to any property owned or controlled by them which lends color to the inference of fraud. The attachment, therefore, rests solely upon the alleged declarations. The declaration that they would not have money with which to pay plaintiff and their other creditors does not show fraud, or tend to show it. The mere inability to pay, for lack of money, would, at one time or another, have involved nearly every person carrying on business, and the most perfect honesty can exist without ability to pay. The further declaration that they intended to sell the iron, and would not pay their creditors, and would not have money to pay any of their creditors, is still consistent with an innocent intent. It does not appear how much iron there was to sell, or what its value was; and it might be entirely true that all of the proceeds derived therefrom would be insufficient to pay any of their creditors, and would still leave them without money wherewith to pay, as the whole proceeds might be exhausted in marketing it. Giving full force to all the statements made, they are consistent with a reason for not paying based solely upon a lack of money with which to pay. In order to establish a fraudulent intent, the allegations must necessarily tend to establish a probability of guilt. Morris v. Talcott, 96 N. Y. 107. The evidence tending to such result must be adequate to sustain a verdict based on fraud. Bank v. Meehan, (Sup.) 20 N. Y. Supp. 766; Stow v. Stacy, (Sup.) 9 N. Y. Supp. 1. No strength is added to the statements that plaintiff had a large office, and could stand it. This may have been a consoling reflection to the debtors,—that, although they were unable to pay, yet the plaintiff would not suffer actual want from such fact,—but it is far from showing that they willfully intended to cheat plaintiff because it could stand it. All of the statements, taken together, being still consistent with innocence, the attachment based thereon must fail. The order is that the attachment be vacated and set aside, with $10 costs of motion. Attachment vacated.