# Cases

## DETERMINED IN THE

# FIRST DEPARTMENT

### IN THE

## APPELLATE DIVISION,

### December, 1899.*

---

### ELLA J. FOX, Respondent, *v.* JULIA MAYS, Appellant.

*Motion to vacate an attachment — when made on papers upon which it was granted, other papers will not be considered — mistake in reciting the nature of the cause of action — what constitutes a cause of action.*

On a motion to vacate an attachment, made upon the papers upon which it was granted, the court should not consider pleadings or other papers not before it when the attachment was granted.

A failure to state, or a mistake in reciting, the nature of the plaintiff's cause of action (as distinguished from the ground of the attachment) in a warrant of attachment, does not vitiate it.

An affidavit used on a motion for an attachment, which alleges that the plaintiff, through fraudulent, false and untrue representations of the defendant, was induced to enter into an agreement with her, and to pay to her a certain sum of money under such agreement, which sum the defendant had refused to repay, and that the defendant was about to dispose of her property with intent to defraud her creditors, states a cause of action sufficient to sustain the attachment.

VAN BRUNT, P. J., and McLAUGHLIN, J., dissented.

APPEAL by the defendant, Julia Mays, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of September, 1899, denying her motion to vacate a warrant of attachment.

*Benno Loewy,* for the appellant.

*Richard F. Price,* for the respondent.

---

* The other cases of this term will be found in volume 45 App. Div.— [REP.

APP. DIV.—VOL. XLVI. 1

INGRAHAM, J.:

The plaintiff commenced an action against the defendant to recover $4,000, and obtained a warrant of attachment. The defendant moved to vacate such attachment, and that motion was denied. The order denying that motion recited that the motion was upon the affidavit of the defendant upon which the order to show cause why the attachment should not be vacated was granted, the warrant of attachment and the affidavits upon which it was granted, and upon the pleadings and proceedings had herein. It is apparent that the motion was made upon the affidavits upon which the attachment was granted, and it was improper for the court to consider pleadings or proceedings not before the court when the attachment was originally granted. If the order intended to imply that the court considered the complaint which had been verified and served subsequent to the granting of the attachment, or the proceedings subsequent thereto, it was irregular, and such pleadings or proceedings cannot be considered in determining this appeal. The question is to be determined upon the papers upon which the atachment was granted, and the sufficiency of those papers is the sole question that was before the court below, and the sole question which is before us on this appeal.

Section 641 of the Code of Civil Procedure provides that the warrant must be subscribed by the judge and the plaintiff's attorney, and must briefly recite the ground of the attachment. Nothing in this section requires that the nature of the cause of action shall be stated in the attachment or that a mistake in the warrant as to the nature of the cause of action is fatal to the attachment. Section 636 of the Code provides that to entitle the plaintiff to such a warrant he must show by affidavit, to the satisfaction of the judge granting the same, that one of the causes of action specified in section 635 of the Code exists against the defendant; that the defendant is either a foreign corporation or is not a resident of the State; " or, if the defendant is a natural person or a domestic corporation, that he or it has removed, or is about to remove property from the State, with intent to defraud his or its creditors; or has assigned, disposed of or secreted, or is about to assign, dispose of or secrete, property with the like intent." The warrant of attachment recites that an application has been made for an attachment; that the said defendant

"is about to dispose of her property with intent to defraud her creditors; and upon such application it duly appearing by affidavit, to the satisfaction of the judge granting this warrant, that a cause of action exists in said action in favor of said plaintiff against the said defendant for the recovery of $4,000, with interest thereon from the first day of December, 1895." Then, after stating what appear to be several causes of action to recover this sum of $4,000, the warrant continues: "And the said defendant has wrongfully converted the personal property of the said plaintiff, and the said defendant is about to dispose of her property with intent to defraud her creditors and injury to the plaintiff's personal property, in consequence of the defendant's fraud, upon which grounds this warrant is granted."

It would appear that there was recited in this warrant the ground of the attachment within section 641 of the Code, and that the warrant contained all that was necessary as prescribed by that section. It also contained allegations not required, but those additional allegations do not render the warrant void, nor would they justify the court in vacating it.

We also think that the affidavit submitted was sufficient to justify the court in determining that the defendant was about to dispose of her property with intent to defraud her creditors. The plaintiff's affidavit expressly states that the said defendant is, to deponent's knowledge, "about to remove her property, or of the properties of said defendant, may have and own, after disposing of the same as aforesaid, from the city of New York, and also from the United States, with the intent to defraud her creditors." In a further affidavit, plaintiff deposes that "the said defendant has informed this deponent a great number of times, subsequent to the year of 1895, that she, the said defendant, would pay no debts of any nature or kind whatsoever, and that she, the said defendant, would dispose of her property and not pay any debts whatever, and leave the State of New York and leave the United States; * * * and that she, said defendant, would sell all of her property and 'skip out' if she were hard pressed by or with claims for money she owed. * * * And that before she, the said defendant, would pay this deponent's debt, or any part thereof, she would sell all of her property and leave the State and country." It further appeared that

the defendant had advertised her business for sale in the Brooklyn _Eagle_, in which advertisement she stated that she would soon leave for Europe and would dispose of her said business at one-fourth its value; that there was also inserted in the New York _Herald_ an advertisement of the defendant stating that she was soon leaving for Europe and wished to supply customers with her wares at one-fourth the former price. These allegations were sufficient to justify the court in granting the attachment upon the ground that the defendant was about to dispose of her property with intent to defraud her creditors.

We also think that a cause of action was alleged in the affidavit. The substance of the affidavit was that the plaintiff and the defendant entered into an agreement under which the plaintiff advanced to the defendant the sum of $4,000; that the plaintiff was induced to enter into said agreement and pay the money to the defendant by certain representations which are set forth in the affidavits and which are therein alleged to have been fraudulent, false and untrue. The nature of this cause of action would appear to be an action to recover money paid by the plaintiff under the contract between herself and the defendant, which contract was induced by the fraudulent misrepresentations of the defendant, the fraud justifying the rescission of the contract by the plaintiff, which would entitle plaintiff to maintain an action to recover the consideration paid by the plaintiff in entering into the contract. That this cause of action may be incorrectly described in the warrant of attachment would not justify the court in vacating the attachment, if a good cause of action appeared in the affidavits upon which the attachment was granted. The allegations in these affidavits would seem to be sufficient to justify a justice of the court in granting the attachment, and we think the order appealed from was right and should be affirmed, with ten dollars costs and disbursements.

PATTERSON and O'BRIEN, JJ., concurred; VAN BRUNT, P. J., and McLAUGHLIN, J., dissented.

McLAUGHLIN, J. (dissenting):

I think the order appealed from should be reversed and the motion to vacate granted. The motion to vacate was based upon the same papers upon which the warrant was granted, and the

moving party had the right to have the motion heard and determined upon those papers and those alone.   The plaintiff could not make use of the complaint for the purpose of sustaining the attachment because the complaint was not verified until several days after the warrant was issued.   In the prevailing opinion it is conceded that the complaint was improperly considered and that this appeal must be determined as though it had not been used.   If the complaint had not been considered by the learned justice sitting at Special Term I am unable to see how we can tell what conclusion he would have reached or what decision he would in that case have made.

But independent of this, it seems to me the attachment should be vacated.   Section 641 of the Code of Civil Procedure provides that a warrant of attachment must briefly recite the *ground* (not the grounds) upon which it is granted.   Section 636 provides that in order to procure a warrant of attachment the plaintiff *must* show by affidavit, to the satisfaction of the judge granting the same, that a cause of action exists either for the breach of a contract, express or implied, other than a contract to marry, or for the wrongful conversion of personal property, or for an injury to person or property in consequence of negligence, fraud or other wrongful act.   The warrant of attachment here did not recite *the ground* of the attachment, unless a recital of *all* the grounds upon which an attachment could, in any event, be granted, may be said to include that.   The warrant recited :  " It duly appearing by affidavit to the satisfaction of the judge granting this warrant that a cause of action exists in said action in favor of said plaintiff against the said defendant, for the recovery of $4,000, with interest thereon from the first day of December, 1895, as damages for the wrongful conversion of the plaintiff's personal property, to wit, $4,000, and injury to the plaintiff's personal property on account of the fraud of the said defendant, and the breach of a written contract by the said defendant, other than a contract to marry, and the said defendant has wrongfully converted the personal property of the said plaintiff, and the said defendant is about to dispose of her property with intent to defraud her creditors, and injury to the plaintiff's personal property in consequence of the defendant's fraud, upon which *grounds* this warrant is granted."   This recital does not state the *ground* upon which the

warrant was granted, and it does not comply either with the letter or spirit of section 641. A person whose property is summarily taken from him by a warrant of attachment is entitled to know the specific ground upon which the warrant has been granted. The remedy is a harsh one, and the statute requiring the ground of the attachment to be stated in the warrant is imperative in form, and it ought to be strictly construed as against the party who invokes its aid.

For these reasons I dissent from the opinion of Mr. Justice INGRAHAM.

VAN BRUNT, P. J., concurred.

Order affirmed, with ten dollars costs and disbursements.