FOX v. MAYS.

(Supreme Court, Appellate Division, First Department.  December 8, 1899.)

1. ATTACHMENT—VACATION—DECISION OF MOTION.
     In deciding a motion to vacate an attachment, only the sufficiency of
     the papers before the court when it was granted should be considered.

2. SAME—WARRANT—SUFFICIENCY.
     A warrant of attachment recited that application had been made for
     it; that defendant was about to dispose of her property with intent to
     defraud her creditors; and that she had wrongfully converted plaintiff's
     personal property, and was about to dispose of her property with intent to
     defraud her creditors, and thereby injure plaintiff's personal property;
     on which grounds the warrant was granted. *Held* sufficient, under Code
     Civ. Proc. § 641, requiring the warrant to briefly recite the grounds of the
     attachment.

3. SAME—VACATION—SUPERFLUOUS AVERMENTS.
     That the warrant of attachment contains superfluous averments would
     not justify its vacation.

4. SAME—AFFIDAVIT—SUFFICIENCY.
     The affidavit for an attachment alleged that defendant was, to de-
     ponent's knowledge, about to remove her property, or what she may
     have after disposing of it, from the United States; that she had frequently
     informed deponent that she would not pay her debts, and would dispose
     of her property, and leave the United States; that she would sell her
     property, and "skip out," if she was pressed by him; and that she had
     advertised her property for sale at one-fourth its value, stating that she
     would soon leave for Europe. *Held* sufficient to justify a warrant on the
     ground that she was about to dispose of her property with intent to defraud
     creditors.

5. SAME—CAUSE OF ACTION—INCORRECT DESCRIPTION.
     That the cause of action alleged in the affidavit for an attachment was
     incorrectly described in the warrant would not justify vacation of the lat-
     ter, if a good cause was alleged in the affidavit.
     Van Brunt, P. J., and McLaughlin, J., dissenting.

Appeal from special term, New York county.

Action by Ella J. Fox against Julia Mays.  From an order deny-
ing defendant's motion to vacate an attachment against her, she
appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PAT-
TERSON, O'BRIEN, and INGRAHAM, JJ.

Benno Loewy, for appellant.
Richard F. Price, for respondent.

INGRAHAM, J.  The plaintiff commenced an action against the
defendant to recover $4,000, and obtained a warrant of attachment.
The defendant moved to vacate such attachment, and that motion
was denied.  The order denying that motion recited that the mo-
tion was upon the affidavit of the defendant upon which the order
to show cause why the attachment should not be vacated was grant-
ed, the warrant of attachment and the affidavits upon which it was
granted, and upon the pleadings and proceedings had herein.  It
is apparent that the motion was made upon the affidavits upon
which the attachment was granted, and it was improper for the
court to consider pleadings or proceedings not before the court
when the attachment was originally granted.  If the order intend-

ed to imply that the court considered the complaint which had been verified and served subsequent to the granting of the attachment, or the proceedings subsequent thereto, it was irregular, and such pleadings or proceedings cannot be considered in determining this appeal. The question is to be determined upon the papers upon which the attachment was granted, and the sufficiency of those papers is the sole question that was before the court below, and the sole question which is before us on this appeal.

Section 641 of the Code of Civil Procedure provides that the warrant must be subscribed by the judge and the plaintiff's attorney, and must briefly recite the ground of the attachment. Nothing in this section requires that the nature of the cause of action shall be stated in the attachment, or that a mistake in the warrant as to the nature of the cause of action is fatal to the attachment. Section 636 of the Code provides that, to entitle the plaintiff to such a warrant, he must show by affidavit, to the satisfaction of the judge granting the same, that one of the causes of action specified in section 635 of the Code exists against the defendant; that the defendant is either a foreign corporation or is not a resident of the state; "or if the defendant is a natural person or a domestic corporation, that he or it has removed, or is about to remove property from the state, with intent to defraud his or its creditors; or has assigned, disposed of or secreted, or is about to assign, dispose of or secrete property with the like intent." The warrant of attachment recites that an application has been made for an attachment; that the said defendant "is about to dispose of her property with intent to defraud her creditors; and upon such application it duly appeared by affidavit, to the satisfaction of the judge granting this warrant, that a cause of action exists in said action in favor of said plaintiff against the said defendant for the recovery of $4,000, with interest thereon from the 1st day of December, 1895." Then, after stating what appear to be several causes of action to recover this sum of $4,000, the warrant continues: "And the said defendant has wrongfully converted the personal property of the said plaintiff, and the said defendant is about to dispose of her property with intent to defraud her creditors, and injury to the plaintiff's personal property in consequence of the defendant's fraud, upon which ground this warrant is granted." It would appear that there was recited in this warrant the ground of the attachment, within section 641 of the Code, and that the warrant contained all that was necessary as prescribed by that section. It also contained allegations not required, but these additional allegations do not render the warrant void, nor would they justify the court in vacating it.

We also think that the affidavit submitted was sufficient to justify the court in determining that the defendant was about to dispose of her property with intent to defraud her creditors. The plaintiff's affidavit expressly states that the said defendant is, to deponent's knowledge, "about to remove her property, or of the properties of said defendant may have and own, after disposing of the same as aforesaid, from the city of New York, and also from the United States, with the intent to defraud her creditors." In

a further affidavit plaintiff deposes that "the said defendant has informed this deponent a great number of times, subsequent to the year of 1895, that she, the said defendant, would pay no debts of any nature or kind whatsoever, and that she, the said defendant, would dispose of her property, and not pay any debts whatever, and leave the state of New York, and leave the United States; * * * and that she, said defendant, would sell all her property, and 'skip out,' if she were hard pressed by or with claims for money she owed; * * * and that before she, the said defendant, would pay this deponent's debt, or any part thereof, she would sell all of her property, and leave the state and country." It further appeared that the defendant had advertised her business for sale in the Brooklyn Eagle, in which advertisement she stated that she would soon leave for Europe, and would dispose of her said business at one-fourth its value; that there was also inserted in the New York Herald an advertisement of the defendant stating that she was soon leaving for Europe, and wished to supply customers with her wares at one-fourth the former price. These allegations were sufficient to justify the court in granting the attachment, upon the ground that the defendant was about to dispose of her property with intent to defraud her creditors.

We also think that a cause of action was alleged in the affidavit. The substance of the affidavit entered into an agreement under which the plaintiff advanced to the defendant the sum of $4,000; that the plaintiff was induced to enter into said agreement, and pay the money to the defendant, by certain representations, which are set forth in the affidavit, and which are therein alleged to have been fraudulent, false, and untrue. The nature of this cause of action would appear to be an action to recover money paid by the plaintiff under the contract between herself and the defendant, which contract was induced by the fraudulent misrepresentations of the defendant, the fraud justifying the rescission of the contract by the plaintiff, which would entitle plaintiff to maintain an action to recover the consideration paid by the plaintiff in entering into the contract. That this cause of action may be incorrectly described in the warrant of attachment would not justify the court in vacating the attachment, if a good cause of action appeared in the affidavits upon which the attachment was granted.

The allegations in these affidavits would seem to be sufficient to justify a justice of the court in granting the attachment, and we think the order appealed from was right, and should be affirmed, with $10 costs and disbursements.

PATTERSON and O'BRIEN, JJ., concur.

McLAUGHLIN, J. (dissenting). I think the order appealed from should be reversed, and the motion to vacate granted. The motion to vacate was based upon the same papers upon which the warrant was granted, and the moving party had the right to have the motion heard and determined upon those papers, and those alone. The plaintiff could not make use of the complaint for the

purpose of sustaining the attachment, because the complaint was not verified until several days after the warrant was issued. The prevailing opinion conceded that the complaint was improperly considered, and that this appeal must be determined as though it had not been used. If the complaint had not been considered by the learned justice sitting at special term, I am unable to see how we can tell what conclusion he would have reached, or what decision he would in that case have made.

But, independent of this, it seems to me the attachment should be vacated. Section 641 of the Code of Civil Procedure provides that a warrant of attachment must briefly recite the ground (not the grounds) upon which it is granted. Section 636 provides that, in order to procure a warrant of attachment, the plaintiff must show by affidavit, to the satisfaction of the judge granting the same, that a cause of action exists either for the breach of a contract, express or implied, other than a contract to marry, or for the wrongful conversion of personal property, or for an injury to person or property in consequence of negligence, fraud, or other wrongful act. The warrant of attachment here did not recite the ground of the attachment, unless a recital of all the grounds upon which an attachment could in any event be granted may be said to include that. The warrant recited:

"It appearing by affidavit to the satisfaction of the judge granting this warrant that a cause of action exists in said action in favor of such plaintiff, and against such defendant, for the recovery of $4,000, with interest thereon from the 1st day of December, 1895, as damages for the wrongful conversion of plaintiff's personal property, to wit, $4,000, and injury to the plaintiff's personal property on account of the fraud of the said defendant, and the breach of a written contract by the said defendant, other than a contract to marry, and the said defendant has wrongfully converted the personal property of the said plaintiff, and the said defendant is about to dispose of her property with intent to defraud her creditors, and injury to the plaintiff's personal property in consequence of the defendant's fraud, upon which grounds this warrant is granted."

This recital does not state the ground upon which the warrant was granted, and it does not comply either with the letter or spirit of section 641. A person whose property is summarily taken from him by a warrant of attachment is entitled to know the specific ground upon which the warrant has been granted. The remedy is a harsh one, and the statute requiring the ground of the attachment to be stated is the warrant is imperative in form, and it ought to be strictly construed, as against the party who invokes its aid.

For these reasons I dissent from the opinion of Mr. Justice INGRAHAM.

VAN BRUNT, P. J., concurs.