### HILL v. MARTIN.

#### (Supreme Court, Appellate Term.   June 13, 1904.)

1. ATTACHMENT—DEFAULT JUDGMENT—APPEAL.

Municipal Court Act (Laws 1902, p. 1519, c. 580) § 91, provides that, where a defendant has not appeared, and summons has not been personally served, but property has been attached, the court shall proceed to determine the cause. Held that, where defendant did not appear, and had not been served, though she had made a motion to vacate the attachment on her property on the ground of insufficiency of affidavits, and judgment was taken against her, on appeal the only question was the sufficiency of the affidavits.

2. SAME—AFFIDAVIT—SUFFICIENCY.

Where an affidavit for attachment showed that, after defendant was threatened with suit, she stated that if plaintiff sued he would not get a cent, as she would sell her property and leave New York, and that three days after she did sell it, it showed an intent to defraud creditors.

Appeal from Municipal Court, Borough of Manhattan, Tenth District.

Action by Robert Hill against Catherine E. Martin. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Martin F. Burke, for appellant.

PER CURIAM. The plaintiff herein obtained an attachment against the property of the defendant, and by virtue thereof levied upon the proceeds arising from a sale at public auction of certain goods of the defendant. Upon the trial the defendant defaulted in appearing, although she had prior thereto made a motion to vacate

the attachment upon the ground of insufficiency of the affidavits upon which it was based, and judgment was taken against her under the provisions of section 91 of the Municipal Court Act (Laws 1902, p. 1519, c. 580), and from such judgment she appeals.

Under the decision in the case of J. H. Mohlman Co. v. Landwehr (Sup.) 83 N. Y. Supp. 1073, the only question to be determined upon this appeal is the sufficiency of the affidavits upon which the attachment was issued. The allegations contained in the affidavits are sufficient to warrant the granting of an attachment. It appears that the defendant purchased the goods in the usual course of business. After repeated requests had been made upon her to pay, she was threatened with suit by the plaintiff. She replied that, "if Hill sued, he would not get a cent, as she would sell her property, and leave New York." This was on February 19, 1904, and was followed by the sale aforesaid on February 23, 1904. These statements by the defendant indicated an intent upon her part to dispose of her property for the purpose of defrauding her creditors. Fox v. Mays, 46 App. Div. 1, 61 N. Y. Supp. 295; Livermore v. Rhodes, 27 How. Prac. 506.

Judgment affirmed, with costs.