## MURPHY v. LINDSTEDT.

(Supreme Court, Appellate Division, First Department. February 10, 1911.)

1. ATTACHMENT (§ 149*)—PLEADING—SUFFICIENCY.

    Under Code Civ. Proc. § 635, specifying the actions in which attachment lies, failure to state or mistake in reciting the nature of the cause of action does not vitiate an attachment, and the warrant is sustainable if sufficient facts are stated to constitute any of the causes of action specified in the section.

    [Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 417, 418; Dec. Dig. § 149.*]

2. MONEY RECEIVED (§ 6*)—WHEN ACTION LIES.

    An unpaid judgment in defendant's favor against a third person cannot be a basis for suit for money had and received.

    [Ed. Note.—For other cases, see Money Received, Cent. Dig. § 22; Dec. Dig. § 6.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3. MASTER AND SERVANT (§ 20*)—EMPLOYMENT CONTRACTS—TERMINATION.**

An employé does not break an employment contract by quitting, where no definite term has been agreed upon.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 19; Dec. Dig. § 20.*]

**4. MASTER AND SERVANT (§ 65*)—EMPLOYMENT CONTRACTS—BREACH—DAMAGES.**

Breach by a real estate broker's employé of his employment contract, by making a personal agreement to receive a commission from an undisclosed customer, does not entitle the broker to recover the commission from the employé.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 65.*]

**5. ATTACHMENT (§ 22*)—GROUNDS—NATURE OF ACTION.**

That a real estate broker's employé made an undisclosed sale under the purchaser's agreement to pay him the commission, and that the employé afterwards left the employment and obtained judgment against the purchaser for the commission, does not show ground for attachment within Code Civ. Proc. § 635, authorizing attachment in actions for breach of contract, wrongful conversion, or injury to property through fraud.

[Ed. Note.—For other cases, see Attachment, Dec. Dig. § 22.*]

Appeal from Special Term, New York County.

Action by Joseph W. Murphy against William E. Lindstedt, Jr. From an order refusing to vacate an attachment, defendant appeals. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, MILLER, and DOWLING, JJ.

Charles S. Mackenzie, for appellant.

Garvan & Armstrong, for respondent.

MILLER, J. The question on this appeal is whether the plaintiff showed, as required by section 636 of the Code of Civil Procedure, that one of the causes of action, specified in section 635 of the Code of Civil Procedure, existed against the defendant.

The plaintiff has characterized his action as one for breach of contract. He now asserts, however, that sufficient facts are shown to make out a cause of action for breach of contract, wrongful conversion of personal property, or injury to property. A failure to state, or a mistake in reciting, the nature of the cause of action, does not vitiate a warrant of attachment. Fox v. Mays, 46 App. Div. 1, 61 N. Y. Supp. 295. If, therefore, the plaintiff states sufficient facts to constitute either of the causes of action specified, the warrant may be sustained.

In brief, the plaintiff says that his assignor, a real estate broker, employed the defendant at a salary of $15 a week and 10 per cent. of all commissions earned by sales effected by the defendant; that the latter made a sale to one Coombes and by the terms of the agreement was to be paid a commission of $1,500 by Coombes; that the defendant thereupon left the employ of the plaintiff's assignor, concealing the name of said customer, and brought a suit against Coombes, in which he recovered a judgment for $1,500; and that Coombes is about to pay the judgment.

A cause of action for money had and received is not stated, as the judgment has not been paid. It was not a breach of contract for the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

defendant to leave the employment of the plaintiff's assignor, as no definite term had been agreed upon. But, even if it was a breach of contract, no damages are shown. Such breach of contract did not entitle plaintiff's assignor to recover from the defendant the $1,500 which Coombes had agreed to pay as commission.

It was said by the learned justice at Special Term that the failure of the defendant to inform his employer of the agreement with Coombes was a breach of duty amounting to fraud, which prevented his employer from receiving the commission due, and therein was an injury to property. No doubt it was a breach of duty, on the part of the defendant, to conceal the name of his customer; but that alone did not give his employer a cause of action against him for the commission. As a matter of fact, the customer has not yet paid the commission. The mere fact that the defendant has a judgment for it does not entitle the plaintiff to recover of him the amount of the judgment. It is quite obvious that the plaintiff is seeking by an attachment to enjoin the collection of the judgment. But equitable remedies, if the plaintiff have any, should be pursued in a different way.

The order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.