WISHNY v. GOTTFRIED et al.

(Supreme Court, Appellate Term. November 10, 1911.)

ATTACHMENT (§ 111*)—GROUNDS—AFFIDAVIT—REQUISITES.

An affidavit for attachment by one who had sold goods to defendants G. and C., who had not paid for them, which alleges the sale and nonpayment, and which avers that defendant G. had made a bill of sale of his goods, and intends to go to a foreign country, and that he is unable to pay his creditors, and that defendant G. and his codefendant C. "are disposing or are about to dispose of their property to cheat their creditors," does not state facts justifying an attachment, though the defendants are partners, for the averments of facts refer solely to defendant G., and do not connect the codefendant C. therewith, and the quoted phrase is merely a conclusion.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 292–303; Dec. Dig. § 111.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Nathan Wishny against Frank Gottfried and Samuel Cohen. From an order of the Municipal Court of the City of New York, denying a motion to vacate an attachment, defendant Cohen appeals. Reversed, and attachment vacated.

Argued before SEABURY, GUY, and COHALAN, JJ.

David L. Cohn, for appellant.

Charles M. Kiefer, for respondent.

COHALAN, J. Plaintiff obtained a warrant of attachment, and levied thereunder upon the sum of $55 in cash. Service of process was made upon the defendant Cohen alone, who appeared and moved to vacate the attachment upon the ground of the insufficiency of the affidavit upon which it was based. The motion was denied, and from the order denying the motion this appeal is taken.

The only affidavit contained in the record is one made by the plaintiff, and the material portion thereof is as follows:

"The facts and circumstances which show the intent of the said Frank Gottfried and Samuel Cohen to defraud their creditors as within alleged are as follows: That this plaintiff sold and delivered unto said defendants certain goods, wares, and merchandise, consisting of cigars. That the said defendants have not paid for them. That the said Frank Gottfried has made a bill of sale of his said goods and chattels, and deponent has been informed by said Frank Gottfried that he intends to go to Europe, and that he is leaving the jurisdiction of this court. That he told this plaintiff that there was a fund set aside of the sum of $200 for the purpose of paying creditors, but which statement deponent has subsequently learned to be untrue. That said defendant has stated that he is unable to pay for said goods, or pay his creditors, although he has sufficient money to go to Europe.

That said defendants are trying to sell and dispose of their said goods and chattels. That he has assigned and disposed of, or is about to assign and dispose of, his said property in order to cheat and defraud his creditors."

A reading of this affidavit discloses that it does not contain a single statement of fact that is not equally as compatible with the innocence of the defendants of any attempt to defraud their creditors as with a guilty intent to do so, and, when this appears, the meaning ascribed to the statements must be taken which comports with innocence, and not that meaning which imputes a guilty intent. Stow v. Stacy, 9 N. Y. Supp. 1†, Donnelly Contracting Co. v. Stanton, 6 Misc. Rep. 168, 27 N. Y. Supp. 124. That one of the defendants has sold his goods and intends to go to Europe, or that he is unable to pay his creditors, shows no intent or attempt to defraud creditors. The remaining allegations contained in the affidavit, that defendants are disposing, or are about to dispose, of their property to cheat their creditors, are merely conclusions, without a statement of the necessary facts to support them. Although briefs of counsel refer to an alleged statement in the affidavit to the effect that the defendants, in making the alleged sale of their goods, did not comply with the bulk law, no such statement appears in the affidavit appearing in the record before this court.

All the allegations setting forth acts as a basis for the alleged fraud refer solely to the defendant Gottfried. There is nothing in the affidavit connecting the defendant Cohen with the defendant Gottfried. Assuming that they were partners, these allegations alone would not justify an attachment against the partnership property for the fraudulent acts of one of the partners. Sears v. Gearn, 7 How. Prac. 383; Bogart v. Dart, 25 Hun, 395.

Order reversed, with costs, and attachment vacated. All concur.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

† Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 56 Hun. 640.