### MILLANG v. LAMBROS et al.

(Supreme Court, Appellate Term, First Department. June 14, 1915.)

1. ATTACHMENT ⊜⊐113—AFFIDAVITS—SUFFICIENCY—DISPOSAL OF PROPERTY.

Allegations of an affidavit for attachment *held* not to show that at the time the warrant was granted the defendant copartnership had disposed of its property with intent to defraud creditors, as alleged in the ground for obtaining the warrant.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 307–311; Dec. Dig. ⊜⊐113.]    •

2. ATTACHMENT ⊜⊐47—GROUNDS—DEPARTING FROM JURISDICTION.

A statement by a defendant in attachment that "he would clear out of New York," and that he would never go into business in New York again, was as consistent with innocence as with a design to defraud his creditors, and the meaning to be ascribed thereto was one comporting with innocence, and it was not a ground for attachment.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 120, 861–876; Dec. Dig. ⊜⊐47.]

3. ATTACHMENT ⊜⊐47—GROUNDS—CONCEALMENT.

That the copartner of the defendant in attachment was unable to find such defendant at the florist's shop formerly owned by him was no evidence of concealment to defraud creditors, warranting an attachment.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 120, 861–876; Dec. Dig. ⊜⊐47.]

4. ATTACHMENT ⊜⊐40—FRAUD—STATUTORY FRAUD—SALE IN BULK.

Fraud, warranting an attachment, must be actual and intentional, and not statutory or constructive, fraud; hence an attachment is not supported alone by showing a violation of Personal Property Law (Consol. Laws, c. 41) § 44, prohibiting sales in bulk without notice to creditors.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 92–106; Dec. Dig. ⊜⊐40.]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Joseph A. Millang against George Lambros and another. From an order denying motion to vacate attachment, defendant George Lambros appeals. Reversed, and attachment vacated.

Argued May term, 1915, before GUY, LEHMAN, and WHITAKER, JJ.

Alex B. Greenberg, of New York City, for appellant.   ·
Bernard Gordon, of New York City, for respondent.

GUY, J. In this action to recover for breach of contract, the plaintiff, on or about January 6, 1915, obtained a warrant of attachment against the property of the defendants, copartners, upon the grounds that they—

"have assigned and disposed of their property with intent to defraud their creditors, and that the defendant Lambros is about to depart from New York county, where he last resided, to a place outside of the city of New York, with intent to defraud the creditors of the defendants, or keeps himself concealed with like intent."

The defendant Lambros moved to vacate the attachment on the plaintiff's papers. The motion was denied, and the appeal is from the order denying the motion.

[1] The facts mainly relied on by the plaintiff on the application for the attachment are contained in the affidavit of the defendant George N. Brembos, who says that up to December 1, 1914, he was in partnership with the appellant, Lambros, "conducting a florist's shop" in the borough of Manhattan, city of New York; that on the date named the copartnership was dissolved, and all the assets were transferred to the appellant, who agreed to pay the claims of creditors; that in connection with the dissolution deponent received a note payable January 5, 1915; that on said date he called upon appellant for payment, and the appellant said that he had no money for deponent; that he had arranged to sell out the florist's shop; that as soon as he could get some money he was going to clear out of New York; that he would never go into business in New York again; that he owed the landlord $314 for back rent, and he expected a dispossess; and that deponent could come and help to throw him out, too. Brembros also stated that on January 20, 1915, he was informed that an agreement was made to buy the appellant's business; that two days afterwards the lawyers for the purchaser showed deponent a bill of sale for said business in the handwriting of appellant, and told deponent that no notice of the sale had been given to any of the creditors. The affidavit of plaintiff's manager states that no notice of the sale of the business was given to the plaintiff by either the appellant or the purchaser. It thus appears that at the time the warrant was granted the copartnership had ceased to exist, and that the copartners had not assigned or disposed of their property with intent to defraud their creditors.

[2] A consideration of the remaining ground for the issuance of the warrant—that the appellant was about to depart from New York county to a place outside of the city of New York with intent to defraud the creditors of the defendants, or that he kept himself concealed with like intent—requires a reversal of the order appealed from. The defendant's statements that as soon as he could get some money "he would clear out of New York," and that he would never go into business in New York again, are as consistent with the absence of a fraudulent intent on his part as with a design to defraud his creditors, and in such case the meaning to be ascribed to the debtor's statements is one which comports with innocence. Wishny v. Gottfried, 131 N. Y. Supp. 593. In this respect the case is distinguish-

able from Hill v. Martin, 88 N. Y. Supp. 708, in which the debtor said that.if the creditor sued he would not get a cent, and that the debtor would sell her property and leave New York, and Fox v. Mays, 46 App. Div. 1, 61 N. Y. Supp. 295, in which the defendant stated she would pay no debts of any nature or kind whatsoever, and would dispose of her property and leave the state of New York—would sell all her property "and skip out" if she were hard pressed by or with claims for money she owed. In the case at bar it does not appear that the appellant said he would not pay any of his debts, nor is an intent to repudiate his obligations to be necessarily inferred from the language used by him.

[3] Nor was there any evidence that the appellant kept himself concealed with intent to defraud. The fact that the affiant, Brembros, was unable to find the appellant at the florist's shop formerly owned by the latter is no evidence of concealment; and it does not appear that any effort was made to find the appellant at his residence.

[4] Respondent claims that the attachment finds support in appellant's violation of the statute prohibiting sales in bulk without notice to creditors. Personal Property Law (Consol. Laws, c. 41) § 44. But in J. H. Mohlman & Co. v. Landwehr, 87 App. Div. 83, at page 86, 83 N. Y. Supp. 1073, the court said that the fraud for which a debtor's property may be attached is actual and intentional fraud, not statutory or constructive fraud, and it is significant that by the amendment of the Personal Property Law which went into effect April 23, 1914 (Laws 1914, c. 507), sales in bulk are declared to be "void"; the word "fraudulent" or "fraud" no longer appearing in that portion of the act.

It follows that the order appealed from must be reversed, with costs, and the attachment vacated. All concur.