# THE

# New York Supplement.

## VOLUME IX.

---

### STOW v. STACY.

*(Supreme Court, General Term, First Department.* February 14, 1890.)

ATTACHMENT—GROUNDS—REMOVAL OF PROPERTY.

An attachment on the ground that defendant was about to remove property from the state with intent to defraud his creditors cannot be sustained when the only fact for the consideration of the court as to the alleged removal is that a third person had paid over money to defendant after a former attachment had been issued, and it does not appear that the money had been sufficiently covered by the first process, which was continued until the second warrant was granted.

Appeal from special term, New York county.

Action by William L. Stow against Martin V. B. Stacy. Defendant appeals from an order denying his motion to vacate an attachment against his property.

Argued before VAN BRUNT, P. J., and BRADY and BARTLETT, JJ.

*G. E. Blackwell,* for appellant. *H. S. Crain,* for respondent.

BRADY, J. The application made in the court below was to discharge an attachment granted in this case on the 17th of February, 1888, on the affidavits of the plaintiff and one John F. Cherry. The defendant, through his attorney, appeared for the purpose of making the motion only. It appears that a previous attachment had been issued on the 5th of December, 1887, which was granted upon the ground that the defendant was about to remove property from the state with intent to defraud his creditors, and that thereafter, on the application of the defendant, the court vacated that warrant, upon the ground that the papers were entirely insufficient to sustain it. The order of vacation was entered on the 17th February, 1888, and subsequently, but on the same day, the warrant now sought to be set aside was issued. It appears from the affidavit of George Cherry that on the 9th of December, 1888, when the sheriff and himself succeeded in procuring personal service of the warrant of attachment on Dickenson, who it is claimed had in his possession moneys belonging to the defendant, Dickenson notified the deputy-sheriff who was in attendance on that occasion that he had sent to the defendant the money so held by him, and belonging to the former, under instructions from him. The second attachment was predicate of the alleged fact, although the affidavit was made on the 14th of February, 1888, that Dickenson, residing in the city of New York, had in his possession moneys belonging to the defendant, which the defendant was about to remove from the state with intent to defraud his creditors, as deponent was informed and believed, and that Dickenson, having the money in his possession, had, after the first warrant had been issued,

sent the same to the defendant in pursuance of instructions received from him. It will be perceived that the statements upon which the warrant was granted are in conflict, inasmuch as it distinctly appears that the moneys held by Dickenson had already been sent to the defendant when the second attachment had been issued. There is no evidence that the statement made by Dickenson as to his having sent the money was untrue. The money having been sent prior to the 9th of December, 1887, there was no money in fact in the hands of Dickenson at the time the second warrant was issued; but the fact of his having sent it is sought to be used as evidence of the intention of the defendant to remove his property for fraudulent purposes.

When the motion was denied by the learned justice in the court below, it was upon the alleged attempt by Dickenson to evade the service of the warrant upon him, and the fact that the defendant had appeared only for the purpose of the motion, and that Dickenson stated he had, in disobedience of the first warrant, sent moneys to the defendant; and the learned justice said that these facts furnished some ground for the inference that the defendant was about to remove his property with intent to defraud his creditors, and, upon reargument of the motion, reiterated these views. It does not appear in the record that Dickenson stated that he had, in disobedience of the first warrant, sent the moneys to the defendant. Until the service upon him of the warrant, on the 9th of December, 1887, Dickenson was under no legal obligation whatever to retain the money in his possession, and the defendant was entitled to it. The only fact presented for the consideration of the court as to the alleged fraudulent removal of the property was that Dickenson had paid over money to the defendant, on the plaintiff's assumption that it had been sufficiently covered by the process first issued, and which was continued until the second warrant was granted. The principles stated in *Morris* v. *Talcott*, 96 N. Y. 107, show that this circumstance, standing alone, was wholly insufficient to warrant the attachment. A party relying upon the establishment of a cause of action or right to a remedy against another, based upon the alleged commission of a fraud, must show affirmatively the facts and circumstances necessarily tending to establish the probability of guilt in order to maintain his claim. Where the evidence is capable of an interpretation which makes it equally as consistent with the innocence of an accused party as of his guilt, the meaning must be ascribed to it which accords with his innocence rather than that which imputes to him a criminal intent. It seems to be clear that the "Dickenson incident," so-called, furnishes no such proof as is contemplated by the case cited. The case at bar is altogether too weak to sustain such a summary and sweeping process as an attachment. The order should be reversed, and the motion to vacate the attachment granted, with $10 costs and disbursements. All concur.