EDWARD R. LADEW AND ANOTHER, RESPONDENTS, *v.* THE HUDSON RIVER BOOT AND SHOE MANUFACTURING COMPANY.

WILLIAM M. KETCHAM, RECEIVER, APPELLANT.

*Attachment — a sale by a corporation of its property to a third party to raise money does not constitute fraud — fraud is not presumed — Code of Civil Procedure, sec 636.*

The affidavits upon which an attachment was granted alleged that the president of the defendant corporation had stated to one of the parties bringing the action within a week prior to the issuing of the attachment, that the corporation had in its store, in the city of New York, merchandise of the value of $25,000. It further stated that other attachments had issued which the sheriff had been prevented from serving by statements that all the merchandise had been sold to one Bates.

A further affidavit stated that the attorney of the corporation had admitted that the corporation had transferred all its property in New York city to Bates for the purpose of raising money.

*Held,* that as the sale to Bates was not shown to be fraudulent or for an inadequate consideration, the affidavits were insufficient and the attachment should be set aside.

That a sale to Bates to raise money was not improper, and in itself was not evidence of fraud.

Fraud is never presumed, and when asserted the assertion must be supported by facts justifying it.

APPEAL by William M. Ketcham, the temporary receiver of the property and effects of the Hudson River Boot and Shoe Manufacturing Company, the defendant herein, from an order, entered in the office of the clerk of the city and county of New York on the 20th day of August, 1891, denying a motion, made in behalf of said receiver, to vacate a warrant of attachment heretofore granted in this action.

*George S. Hastings*, for the appellant.

*George A. Strong*, for the respondents.

DANIELS, J :

The attachment was issued on the ground that the defendant had assigned, disposed of and secreted, and was about to assign, dispose of and secrete property with intent to defraud its creditors.. It

was issued on the 23d day of July, 1891. And the temporary receiver of its property was appointed on the twenty-ninth of the same month, in a proceeding for the voluntary dissolution of the corporation.

The charge that the company had or was about to dispose of its property to defraud its creditors depended on the facts that within a week prior to the issuing of the attachment its president represented to one of the plaintiffs that "the defendant had merchandise at its store, in the city of New York, of the value of twenty-five thousand dollars," that attachments were issued against it in the City Court because of its residence in Dutchess county, on the twenty-second day of the month; and the sheriff had been prevented from serving the attachments by the statement that the merchandise in the store had all been sold to A. J. Bates, who then claimed to be its owner. It was also stated in another affidavit that the attorney of the company had admitted that it had transferred all its property in the city of New York to A. J. Bates for the purpose of raising money. And it was on these facts that the averment was made that the company had disposed of or was about to dispose of or secrete its property to defraud its creditors. But it is quite clear that the facts disclosed do not support the inference which the plaintiffs endeavored to deduce from them. The sale to Bates was not shown to be dishonest or fraudulent, or for a consideration in any respect inadequate. It was to raise money, and the company was at liberty to make the sale for that object. Even if the company was insolvent, as it may be inferred it was from the proceedings taken to secure its voluntary dissolution, it still had the right to sell its property to raise money, which is, in fact, all that it was made to appear that it had done. The conclusion sworn to, that the sale was induced by a fraudulent intent, can only support an attachment when it appears to be warranted by the facts. And the sale mentioned did not warrant it. There was, on the contrary, nothing to indicate that the sale was fraudulent or made for any other than a lawful object. Fraud is never to be presumed in the absence of facts supporting the presumption that it exists. And when its existence is asserted, that assertion must be supported by the facts before a case on that ground will be made for an attachment. (*Stow* v. *Stacy*, 9 N. Y. Supp., 1; *Bennett* v. *Edwards*, 27 Hun, 352.) The evidence to establish a

fraudulent intent in the sale of the merchandise wholly failed to prove it. And the order should be reversed, with ten dollars costs, and the disbursements, and the attachment set aside.

INGRAHAM, J.:

The fraudulent disposition of property must appear from the affidavits upon which the attachment was granted, and we cannot consider on the appeal from this order the proceedings to dissolve the corporation commenced after the attachment was granted. The fact that the defendant had sold its property to Bates for the purpose of raising money did not of itself justify an inference of fraudulent intent.

There is nothing to show what was paid by Bates for the property or that the amount paid by him was not properly applied by the defendants, I concur, therefore, reversing the order and vacating the attachment.

VAN BRUNT, P. J., concurred in the result.

Order reversed, with ten dollars costs, and the disbursements and the attachment set aside.