(20 Misc. Rep. 144.)

## McLOUGHLIN v. CONSUMERS' BREWING CO. OF UTICA.

(Supreme Court, Special Term, Onondaga County. April, 1897.)

1. ATTACHMENT—AFFIDAVIT—ALLEGING FRAUDULENT INTENT.

    An intent of defendant corporation to dispose of its property with intent to defraud creditors is not shown by an affidavit that defendant's president told plaintiff that, if plaintiff attempted to collect his claim by action, he (defendant's president) would see to it that defendant's property should be disposed of so that plaintiff would get nothing, that he would cause judgment to be confessed in another action against defendant, and that he would cause certain mortgages on its property to be foreclosed.

2. SAME—THREAT TO PREFER CREDITORS.

    A threat by a corporation to give certain creditors a preference does not indicate such a fraudulent intent as will sustain an attachment against it.

Action by Charles H. McLoughlin against the Consumers' Brewing Company of Utica. The Oneida County Bank, as a judgment creditor under a judgment subsequent to an attachment obtained by plaintiff, moves on the original papers to vacate the attachment. Granted.

S. M. Lindsley, for the motion.
William Townsend, opposed.

HISCOCK, J. The warrant which it is moved to vacate was granted upon the ground that defendant intended to assign, dispose of, and secrete its property with intent to defraud its creditors. It is not shown in, or even claimed from, the affidavits upon which the warrant was granted, that the defendant had consummated, or even entered upon the performance of, any fraudulent act, but the sole claim made against it is of an intent of fraudulent disposition in the future. Proof of this intent is sought to be made from the declarations of one Hart, who, at the time thereof, was the president and general manager of the defendant. Outside of these declarations, which will be commented upon at length hereafter, the only facts of any special significance bearing upon the matter are the indebtedness of the defendant to the plaintiff, and the failure of the defendant to pay its commercial paper at maturity, from which insolvency can doubtless be inferred.

In disposing of the motion, three questions naturally suggest themselves: First. Are the declarations of Hart set forth in the affidavits chargeable to defendant, within the rules regulating the admissibility of declarations of an officer of a corporation against it? Second. If so admissible, do they indicate an intent of the corporation to fraudulently dispose of its property, as distinguished from the individual purposes and intent of Hart? Third. If both of these questions are answered in the affirmative, do the declarations then indicate an intent to fraudulently dispose of property within the provisions of law applicable to attachments?

The first two questions presented present nice distinctions, and are by no means free from doubt. As this motion, however, must be granted unless all three questions can be answered in the affirmative, and inasmuch as the decision of the last one seems to lead

to a conclusion adverse to plaintiff, I shall limit my consideration to that.

The declarations of Hart upon which substantially the warrant of attachment must rest are as follows:

"Said Max Hart has openly stated to this deponent (being the plaintiff), since this action was commenced, that if he (deponent) proceeded to attempt the collection of his claim herein by said suit, that he (the said president) would see to it that this deponent would not recover anything upon his claim from this defendant; that he would see to it that the property of this defendant would be disposed of in such a way that this plaintiff would not get a cent upon his claim. He made these statements to deponent in the city of New York within the past two or three days. Said president, also, at the same time, told this deponent that one Freda Hart, the wife of said Max Hart, had commenced an action against this defendant, which was now pending, to recover a large claim which she had against the defendant, and that if deponent proceeded with his action, and took any steps to collect his claim herein, the defendant corporation would confess a judgment to her, and allow all the property of the corporation to be taken upon her judgment, and that she would obtain an attachment in her action for that purpose. * * * That said Hart also stated to this deponent that, as such president of this defendant, he would cause certain mortgages upon its real estate in Utica to be speedily foreclosed, and that he would, as such president, in every way in his power, cause the property of the said defendant corporation to be removed and seized under some legal proceedings brought by some one other than this defendant, and that he would wreck the company, and dispose of the property of the company, for the purpose of preventing this deponent from obtaining payment of his just and proper claims as above set forth. That the said Max Hart has within the past few days repeatedly stated to deponent that he would leave no stone unturned to cause the property of the defendant corporation to be disposed of in such a manner as to prevent deponent from being able to levy upon anything whatever of the defendant corporation after he had obtained judgment in this action, and in such a manner as to prevent the deponent collecting anything upon his claim or judgment thereon."

While the declarations of the president thus set forth in the affidavit range through some considerable variation of form, still, taken and construed together, as they should be, they would seem to fairly indicate nothing further than the purpose to have the property of the defendant so absorbed by legal process as to leave nothing for the payment of plaintiff's judgment, if he should ultimately recover one. It would seem to be the purpose to accomplish this object through having certain creditors with specific liens, by way of mortgage, commence proceedings to enforce those liens, and, secondly, to so assist other creditors having claims merely resting in action that they would secure judgments ahead of and preferences over plaintiff's claim. I do not think that it has ever been held that the request of a mortgagor to the mortgagee to enforce and collect his mortgage is a ground for attachment. It would not be any more offensive to the law upon this subject than for the debtor to voluntarily transfer his property to pay the claim, which has been repeatedly held not to be a ground for attachment either when actually done or threatened to be done. Occasionally it has been suggested that the threat by an individual to transfer property to pay his claims constituted a ground for attachment, because of the duress which it involved against the action of the creditor seeking to collect his claim, but the contrary of this doctrine seems to be now

well settled. Furniture Co. v. Freeman, 70 Hun, 13, 23 N. Y. Supp. 1131; Evans v. Warner, 21 Hun, 574.

We come, therefore, to the consideration of the last proposition above indicated,—whether the threat of a corporation to give a preference to certain creditors indicates such a fraudulent purpose as will sustain a warrant of attachment. There is no suggestion in the affidavit for the warrant of any purpose to apply or cause to be applied the property of the corporation to the payment of fictitious debts. No claim is made that even the debt of the wife of the president referred to in his talk with plaintiff was not meritorious and well founded, and the proposed disposition of the defendant's property therefore becomes fraudulent, if at all, because of a proposed preference of one creditor over another. While such preferential application of property by an insolvent corporation is prohibited by the statute, and is unlawful, and could be set aside, still it seems to be settled that it is not such a fraudulent act, within the meaning of the Code, as will sustain a warrant of attachment. Casola v. Vasquez, 147 N. Y. 258, 41 N. E. 517. In accordance with these views, the motion to vacate the warrant of attachment is granted, with $10 costs.

Motion granted, with $10 costs.