(33 Misc. Rep. 720.)

## TAINTOR v. CHARLES BESELER CO.

(Supreme Court, Special Term, New York County. January, 1901.)

ATTACHMENT—AFFIDAVIT—SUFFICIENCY.
    An affidavit of plaintiff in an attachment recited the manufacture of poisonous gases by defendant, and its negligence in labeling such gases as oxygen gas, and in selling it as such, and recited a number of intermediate sales till it was purchased by plaintiff, who was injured thereby. The affidavit was declared to be on the personal knowledge of the plaintiff, but no sources of information or knowledge were stated. *Held*, that as there was nothing to show that plaintiff had knowledge of the sales of the gas by defendant, and, as such sale was an essential element of the

cause of action, the affidavit was insufficient to sustain an attachment, under Code, § 635, subd. 3, for an injury through negligence.

Attachment by Frances Russell Taintor against the Charles Beseler Company. Application to vacate an attachment. Granted.

W. H. Van Steenbergh, for plaintiff.

Richard T. Greene, for defendant.

LEVENTRITT, J. This is an application to vacate an attachment on the papers on which it was granted. The attachment is sought under subdivision 3 of section 635 of the Code, the cause of action being injury through negligence. No question is raised concerning the purely formal allegations of the affidavit. The material point for determination here is whether the jurisdictional fact—the existence of a proper cause of action—satisfactorily appears by affidavit. It may be stated at once that the complaint presents a good cause of action against the defendant. Suit is brought for damages resulting from the inhalation of a poisonous gas manufactured and put up by the defendant and sold by it as pure oxygen gas. It appears that the form of complaint adopted in the leading case on this subject (Thomas v. Winchester, 6 N. Y. 397) has been followed, and it must be held that the allegations are properly laid. The sufficiency of the affidavit is another matter. Every averment therein, as well as every allegation of the complaint which is properly incorporated in the affidavit, is expressly declared to be upon personal knowledge. No statements being made upon information and belief, it follows that no sources of information or grounds of belief are stated.

A summary of the paragraphs setting out the cause of action shows that the plaintiff is a resident of this county; that the defendant is a foreign corporation, with a place of business at 251 Centre street, in this borough, where it is engaged in the manufacture and sale of oxygen gas for medicinal use; that "in or about the month of July, 1900, the defendant above named prepared, filled, and sold to John H. Sheehan & Co., of Utica, N. Y., a tank, numbered 4,661, containing chlorine gas and oxide of nitrogen gas, which had been labeled by it as oxygen gas, and was purchased of it as pure oxygen gas by said Sheehan & Co.; that said Sheehan & Co. afterwards, and on the 7th day of August, 1900, relying upon the label as affixed by the defendant, and believing said tank to contain pure oxygen gas, sold the said tank numbered 4,661 to one F. E. Kendall, a druggist of Saranac Lake, N. Y., as pure oxygen gas; that on the said 7th day of August, 1900, the said F. E. Kendall, relying upon the label so affixed by the defendant, and believing the same to contain pure oxygen gas, sold the said tank containing the said chlorine gas and oxide of nitrogen gas, and so labeled as aforesaid, to one Clem R. Baldwin, a druggist of Lake Placid, N. Y., as pure oxygen gas." It is further alleged that on a day named, the plaintiff being ill, and having had pure oxygen gas prescribed, purchased the tank, had its contents administered to her, and as a result was greatly and permanently injured; that the tank instead of containing oxygen gas contained chlorine gas and oxide of nitrogen gas, both poisonous,

and that the injuries complained of were occasioned by the negligence of the defendant in filling the tank with a poisonous gas, and falsely labeling its contents as oxygen. It is to be observed that neither complaint nor affidavit disclose, either by affirmation or inference, whence the plaintiff learned that the tank came from the defendant. The only statements on the label, so far as appears, are that it contained the number "4,661" and the words "Oxygen Gas." There is nothing further to show that it was the label of the defendant or affixed by it.

It requires but the most fleeting examination of the foregoing outline to satisfy the mind that the affiant could not possibly have had personal knowledge of all the facts which she avers. It is perfectly obvious that she had no personal knowledge of the sale and delivery of the tank of oxygen to the various dealers through whom it ultimately reached the druggist from whom she purchased it. There are other such allegations in the affidavit, but it will be sufficient for the purposes of this argument to restrict discussion to this one. It is well settled, in this department at least, that no implication that the affiant had personal knowledge arises from an unqualified allegation of facts. "Knowledge will not be presumed from a mere positive averment of facts, but it must also appear from the affidavit that such knowledge really existed, by a statement of circumstances from which the inference of knowledge can be fairly drawn." Hoormann v. Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710; Crowns v. Vail, 51 Hun, 204, 4 N. Y. Supp. 324; Buhl v. Ball, 41 Hun, 61.

Where an affiant has the means of knowledge, and deposes positively to the fact, the inference follows that the affiant had knowledge. Yarn Mills v. Bilbrough, 2 Misc. Rep. 100, 21 N. Y. Supp. 2. In Thomas v. Dickinson (Sup.) 11 N. Y. Supp. 436, it was held that averments relating to transactions between other parties, at which affiant could not be presumed to have been present, furnished no reliable reason for believing that they had been correctly stated, and that when transactions are declared positively as within knowledge, when it can be seen that knowledge is not possessed, the situation requires a rejection of the statements.

Tested by these rules, the affidavit does not satisfy the court of the existence of the facts constituting the cause of action. Whether the rule as adopted in this department is narrow or rests on a refinement of construction is a matter with which I have nothing to do. I must apply the law as I find it. And it is here to be observed that the principles enunciated in the cases cited, which were mainly those of agents and assignees, does not rest on the legal relation of the affiant, but on his means of knowledge. The relation is invoked merely to show that he could not have known.

It is practically conceded by the plaintiff that she did not have personal knowledge of the sale and delivery of the tank; but she claims that the gist of the action is false labeling of the tank, the inhalation of its contents, a poisonous gas, and that the resultant effects were injurious. This is not correct. The marketing of the poisonous gas is one of the essential allegations of her complaint. The right to maintain an action like the present one rests for au-

thority in this state on Thomas v. Winchester, supra. That case clearly lays down the rule that the mere manufacture or false labeling is insufficient, but that the placing upon the market constitutes one of the prerequisites to the plaintiff's right of recovery. That case has been but recently so construed. Allan v. Steamship Co., 132 N. Y. 93, 94, 30 N. E. 482, 15 L. R. A. 166. The minimal allegations necessary for the plaintiff's maintenance of her suit involve the marketing of the commodity, even if her detailed recital of the intermediate sales was unnecessary. Any allegation of marketing, however, must necessarily be on information, and would require disclosure of the sources whence it was derived. The attachment must be vacated, $10 costs to defendant.

Attachment vacated, $10 costs.