(97 App. Div. 73.)

## DAVIS v. REFLEX CAMERA CO.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. ATTACHMENT — GROUNDS—REMOVAL OF PROPERTY — CORPORATIONS — STATEMENTS OF OFFICERS.

A statement of the agent of a corporation about to remove its property outside of the state, made while he was engaged in dismantling its machinery, that it was a "dirty job," referred to the work in which he was engaged, and had no reference to the removal as affecting creditors, so as to form a basis for an attachment.

2. SAME—REMOVAL OF PLANT OF CORPORATION.

Where a corporation, as distinguished from its property, was not removing from the state, and was solvent, the mere fact that it was changing the location of its factory to a point without the state was no indication of fraud, such as to support an attachment.

3. SAME—AFFIDAVIT—AMENDMENT.

Code Civ. Proc. § 723, which provides for the amendment by the court of process, pleadings, or other proceedings at any stage of the action, does not authorize the amendment of an affidavit for attachment, without any new affidavit being made by the parties.

Appeal from City Court of Yonkers.

Action by Edward P. Davis against the Reflex Camera Company. From an order denying a motion to vacate an order of attachment, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

William Riley, for appellant.

John H. Ferguson, for respondent.

WOODWARD, J. The plaintiff secured an attachment upon the machinery of the defendant, and the latter moved the court to vacate said attachment upon various grounds, the principal one being that the affidavit on which the warrant was granted failed to disclose any facts tending to show any fraudulent intent on the part of the defendant; and a careful reading of the papers convinces us that the position is well taken. The mere fact that the defendant was about to remove its plant from the city of Yonkers to Jersey City, N. J., was not evidence of fraud; no evidence that it had any intention of hindering, delaying, or defrauding the plaintiff. It may have been a step necessary to the welfare of the defendant, and calculated to improve its capacity to pay the plaintiff and others. Because an individual or corporation happens to move out of the state is no reason for presuming that the intent is fraudulent, in the absence of facts which tend to disclose a fraudulent purpose. In Stevens v. Middleton, 26 Hun, 470, relied upon by the respondent, the affidavit set forth:

"That the defendant had failed to pay either the rent or the Croton water tax which had become due under the terms of the lease executed by him to the plaintiffs, and had also failed to pay a promissory note previously given to them by him, and which was then overdue. That he had sold and disposed of his interest in the lease and in the fixtures of the demised premises. That he had met requests for payment with evasive answers, and stated that within three days he was to leave the state and take his property to Connecticut. That he had been pressed for a settlement, and had refused to state when or

how he would pay, and had always deferred payment to a future period of time."

These facts, the court say disclosed a "very close" case, and the attachment was sustained. In the case at bar the plaintiff makes an affidavit to the effect that the defendant owes him borrowed money to the extent of $801.75, over and above all counterclaims, etc.; that it is a "domestic corporation, with its office and place of business in the city of Yonkers, Westchester county, New York, and deponent is informed and believes that said defendant has removed or is about to remove all of its property from this state with intent to defraud its creditors, or has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete, its property, with intent to defraud its creditors," and states the source of his information to be two individuals, who make affidavits in support of the warrant of attachment. It is physically impossible for the corporation to leave the state. There is no suggestion in the papers that the corporation is insolvent; and Albert D. Davis, one of the sources of the plaintiff's information, affirms that he was formerly a director of the company, that he visited the office and factory of the company on the morning of the day in which his affidavit was subscribed, and that he there saw—

"One Joseph McLean, who is the agent of the defendant. I also saw that the machinery was being and had been dismantled, and that the most of the pulleys had been removed from the shafting. I asked McLean if the defendant was going to move, and he said, 'Yes.' I then asked him where it was going to move to, and he said, 'To Mr. Borsum's factory.' I said, 'That is in Communipaw, is it not?' He said, 'No; in Jersey City.' McLean further said that it was a dirty job."

The other affidavit is to the same effect. What is there in this to suggest an intention on the part of the defendant to hinder, delay, and defraud its creditors? Is there anything about the transaction which is not entirely consistent with an honest intention on the part of the defendant? The allegation that the defendant's agent, McLean, who was engaged in the actual work of removing machinery, said that "it was a dirty job," has no legitimate bearing upon this case. The remark would be most natural in connection with the work he was doing, and was not to be expected in reference to the removal as it related to creditors; and all language is to be construed and understood in its most obvious sense unless there are controlling reasons to the contrary. If the corporation, as distinguished from its property, was not removing from the state, and it was solvent, there would be no possible indication of fraud in the fact that it changed the location of its factory, and we are of opinion that there is no ground for sustaining the warrant.

More than this, the learned judge permitted the plaintiff to amend, not alone the warrant, but the affidavits on which such warrant was based, without any new affidavits being made by the several parties, to meet the objection that the warrant stated only conclusions, and that these were made in the alternative. While the provisions of section 723 of the Code of Civil Procedure permit of wide latitude in amendment, we are convinced that there is no authority in the court to amend an affidavit. That is the act of the individual, for which he assumes

the responsibilities imposed by the law, and there is no reason or authority for the court to undertake to make a new affidavit for any one. The warrant might properly be amended to conform to the affidavits. The affidavits might be withdrawn, and new ones substituted. King v. King, 68 App. Div. 189, 190, 74 N. Y. Supp. 119, and authority there cited. But to say that the court can change the form or substance of an individual affidavit for the purpose of gaining jurisdiction is to hold a doctrine extremely dangerous to individual and property rights.

The order appealed from should be reversed, with $10 costs and disbursements, and the attachment should be vacated, with costs. All concur.