(82 Misc. Rep. 365.)

## KELDERHOUSE v. McGARRY.

(Supreme Court, Special Term, Erie County.   October 28, 1913.)

1. ATTACHMENT (§ 228*)—SETTING ASIDE—GROUNDS—INSUFFICIENCY OF AVERMENTS.

Under Code Civ. Proc. § 635, authorizing an attachment in an action for breach of contract, and section 636, requiring the affidavit to show that plaintiff is entitled to a stated sum over and above all counterclaims, in an action for breach of an agreement to execute a chattel mortgage as additional security for a payment due on a real estate mortgage, where neither the moving affidavit nor the complaint show a right to recover any definite amount, since plaintiff may not suffer any injury, and it is not stated that the amount claimed is over and above all counterclaims, the attachment should be set aside.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 783–784; Dec. Dig. § 228.*]

2. ATTACHMENT (§ 2*)—NATURE OF REMEDY—STATUTORY PROVISIONS—STRICT CONSTRUCTION.

Owing to the harshness of the remedy by attachment, it should be construed, in accordance with the general rule applicable to statutes in derogation of the common law, strictly in favor of those against whom it is invoked.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 5–7; Dec. Dig. § 2.*]

3. ATTACHMENT (§ 92*)—AFFIDAVITS TO PROCURE—AVERMENTS IN GENERAL.

The information furnished by the moving papers for an attachment must be such that a person of reasonable prudence would be willing to accept and act upon it.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 238, 239; Dec. Dig. § 92.*]

4. ATTACHMENT (§ 113*)—AFFIDAVITS TO PROCURE—KNOWLEDGE OR INFORMATION.

Under Code Civ. Proc. § 636, authorizing an attachment when it is shown by affidavit that the defendant is about to dispose of property with intent to defraud creditors, affidavits merely stating facts which might give rise to a suspicion of such purpose, without stating the source of information, or showing personal knowledge, are insufficient; since definite statements will not suffice where it is apparent that the affiant had no actual knowledge or information of the facts.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 307–311; Dec. Dig. § 113.*]

5. ATTACHMENT (§ 47*)—GROUNDS—PRESUMPTIONS—AFFIDAVITS.

Where the facts averred in an affidavit for an attachment on the ground of defendant's intent to dispose of property to defraud creditors might be true and yet there be no fraudulent intent, fraud will not be presumed, as fraud is never presumed but must be proved.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 120, 861–876; Dec. Dig. § 47.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

6. ATTACHMENT (§ 100*)—AFFIDAVITS TO PROCURE—AVERMENTS AS TO MEANS OF KNOWLEDGE.

Averments, in an affidavit for an attachment in an action for breach of an agreement to give a chattel mortgage as additional security to a real estate mortgage, as to the value of the mortgaged real and personal property and as to the amount of property owned by the defendant, are insufficient, in the absence of any averment of circumstances from which the inference may be fairly drawn that the affiant has actual personal knowledge of the facts.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 255–257; Dec. Dig. § 100.*]

Action by Herbert Kelderhouse against John B. McGarry. On defendant's motion to set aside a warrant of attachment. Granted.

Edward N. Mills, of Buffalo (William C. Carroll, of Buffalo, of counsel), for the motion.

Alexander Taylor, of Buffalo, opposed.

WOODWARD, J. The complaint alleges that on or about the 5th day of August, 1912, the plaintiff sold to the defendant certain premises situate in the village of Athol Springs, Erie county, together with certain personal property, consisting of groceries and general merchandise, with certain store fixtures, for the agreed sum of $7,-500; that the sum of $100 was paid on account of the purchase price, and that a mortgage upon said real estate was made and delivered for the sum of $7,400; that a chattel mortgage, covering the store fixtures and certain horses and wagons, was at the same time made and delivered as further security upon the said purchase; that by the terms of said mortgage the sum of $400 became due on the 5th day of February, 1913; that the defendant defaulted in this payment, and the plaintiff foreclosed the chattel mortgage, but before the sale was reached defendant made the payment of $400, the chattel mortgage was satisfied, and the parties entered into an agreement by the terms of which the defendant agreed that, in the event of a further default in the payments under the real estate mortgage, he would execute and deliver a chattel mortgage upon the personal property covered by the original chattel mortgage; that the sum of $400 became due under the real estate mortgage on the 5th day of August, 1913, which sum remains unpaid; that the defendant has failed, neglected, and refused to make and deliver the chattel mortgage provided for in the above-mentioned agreement; and that the said personal property is of the fair value of $500, in which amount the plaintiff claims to have been damaged, and demands judgment therefor.

[1] There would seem to be some question about the right of the plaintiff to the relief demanded in this action. The defendant is in default in failing to make and deliver the chattel mortgage, no doubt; but is the plaintiff in a position to recover a money judgment? The defendant owes $400 and accrued interest upon the bond and mortgage, and the chattel mortgage, so far as the facts may be inferentially gathered from the complaint, is in the nature of collateral security for the payment of this installment, and the plaintiff's damages must de-

pend upon the action of the defendant in relation to the payment of his indebtedness. He no doubt has the right to foreclose his real estate mortgage upon the default in the payment of an installment, and, in any event, the defendant would have a. right to make the payment of the amount due and to relieve the personal property of the lien of the chattel mortgage, and this would seem to be a case where a court of equity might properly be called upon to adjust the equities, but it is hardly a case for an action at law to recover damages. Section 635 of the Code of Civil Procedure provides for issuing a warrant of attachment "where the action is to recover a sum of money only as damages," in an action for "breach of contract, express or implied, other than a contract to marry," and section 636 of the same Code requires that, if the action "is to recover damages for a breach of contract, the affidavit must show that the plaintiff is entitled to recover a .sum stated therein, over and above all counterclaims known to him." Neither the moving affidavit nor the complaint which is attached thereto shows a right in the plaintiff to recover any definite amount of money, nor is there any attempt to comply with the requirement that it shall show that the amount is over and above all counterclaims known to him, so that, if the objections urged by defendant were unavailing, there would still be justification for setting aside the warrant.

[2, 3] Owing to the harshness of the remedy by attachment, it should be construed, in accordance with the general rule applicable to statutes in derogation of the common law, strictly in favor of those against whom it is invoked (Courtney v. Eighth Ward Bank, 154 N. Y. 688, 49 N. E. 54), and, thus construed, there would seem to be no reasonable ground for continuing the warrant, for the affidavits do not meet the requirement that the information furnished by the moving papers must be such that a person of reasonable prudence would be willing to accept and act upon it. Brandly v. American Butter Co., 130 App. Div. 410, 114 N. Y. Supp. 896.

[4] The affidavits do not show that the defendant has removed, or is about to remove, property from the state, with intent to defraud his creditors; or that he has assigned or disposed .of, or secreted, or is about to assign, dispose of, or secrete property with the like intent. Section 636, Code of Civil Procedure. The most that can be said is that the persons making the depositions assert some matters, without giving their source of information or showing that they are in fact possessed of the facts from personal knowledge, which might give rise to a suspicion that the defendant intended to dispose of some portion of his property with fraudulent intent; but the rule is well settled that, where it is apparent that the affiant had no actual knowledge or information of the facts, definite statements as to such facts are insufficient. Taintor v. Beseler Co., 33 Misc. Rep. 720, 68 N. Y. Supp. 980; Taylor v. Same, 62 App. Div. 617, 71 N. Y. Supp. 1149.

[5] All of the facts so stated might be true, and yet the intent of the defendant might be lacking; he may regard it as prudent and consistent with the rights of his creditors to sell his personal property at an apparent sacrifice; it may be better for all concerned than to con-

tinue the expense of an unprofitable business, and the law does not presume fraud; it must be proved.

[6] The defendant has bought property and made a substantial payment upon it; the property is not shown to be insufficient to pay the plaintiff's debt, except by the affidavit of the plaintiff, and his mere assertion as to the values, and as to the amount of property owned by the defendant, is not proved. Personal knowledge in an affidavit is not sufficient unless circumstances are stated from which the inference may be fairly drawn that the affiant actually has such personal knowledge. Hoorman v. Climax Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710. When any man, not connected with the business of another, and having no special means of knowing, undertakes to say that a man is not worth more than his indebtedness, or that he is insolvent, and generally to pass upon his ability to meet his obligations, he is going outside of the rules of evidence, and his bare statements are not convincing.

The motion should be granted.