HERBERT L. DICKEY, Respondent, v. FINDEISEN & KROPF MANUFACTURING COMPANY, Defendant, Impleaded with FINDEISEN & KROPF MANUFACTURING COMPANY OF NEW YORK, INC., Appellant.

First Department, May 4, 1917.

Attachment — intent of domestic corporation to remove property from State — failure to show intent to defraud creditors.

An attachment against the property of a domestic corporation should not be granted upon the ground that it is about to remove it from the State with an intent to defraud creditors on an affidavit which merely shows that the defendant is boxing its stock and records and has rented its local office with a view to moving its business to a city in a foreign State, there being no proof whatever that these acts are done with a view of defrauding creditors, and especially so where it does not appear that there are any creditors except the plaintiff himself.

APPEAL by the defendant, Findeisen & Kropf Manufacturing Company of New York, Inc., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 19th day of March, 1917, reducing the amount of a writ of attachment and denying appellant's motion to vacate said writ.

*Charles A. Riegelman* [*Walter M. Schwarz* with him on the brief], for the appellant.

*Walter L. Post*, for the respondent.

SCOTT, J.:

Plaintiff, who was employed by both of the defendants, one an Illinois corporation, and the other a domestic corporation, sues for damages for what he claims was an illegal discharge.

He has obtained an attachment against the property of the domestic corporation upon the ground that it "is removing and is about to remove property from the State of New York, with intent to defraud its creditors."

The only evidence upon which this is founded is that the said defendant is boxing up its stock in hand, correspondence, records, etc., and has rented its office here, all with a view to moving its business to Chicago. This may serve to prove that it is about to move its property, or part of it, outside the State, but is no proof at all that this is done with a view to defrauding its creditors. (*Davis* v. *Reflex Camera Co.*, 97 App. Div. 73.) Indeed it does not appear that there are any creditors except the plaintiff himself.

The order appealed from is reversed, with ten dollars costs and disbursements, and the motion to vacate granted, with ten dollars costs.

CLARKE, P. J., SMITH, PAGE and DAVIS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.