CLARK C. ANDERSON, Respondent, *v.* THOMAS V. MALLEY, Defendant, Impleaded with JAMES A. O'REILLY and MICHAEL J. McCARTHY, Appellants.

First Department, April 30, 1920.

**Attachment — sufficiency of affidavit of intention of defendants to make transfer of property — sufficiency of affidavit as to amount due and non-existence of counterclaim — necessity that facts showing fraud be stated.**

A writ of attachment should be vacated which was issued on an affidavit setting forth that one of the defendants stated that the defendants intended to incorporate their business and to transfer all their assets to the corporation, where the affidavit of the defendant making the statement was not produced and no facts are shown that would tend to substantiate such hearsay statements, and it appears by the affidavits in support of the motion to vacate the writ that the defendant who made the statements was not, at the time the action was brought nor at the time the alleged statements were made, associated with the other defendants but was engaged in a competing business.

The affidavit of the plaintiff in reference to the amount due him and the non-existence of any counterclaim did not comply with the requirements of section 636 of the Code of Civil Procedure as it was not made positively and on the knowledge of the plaintiff but was argumentative.

Where an attachment is sought on the ground that the defendants intend to transfer their property in fraud of the plaintiff's right the facts which it is claimed constitute such fraud must be shown, for fraud cannot be inferred, it must be proved.

APPEAL by the defendants, James A. O'Reilly and another, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of March, 1920, as denies a motion made by said defendants to vacate a writ of attachment.

*James A. Allen,* for the appellants.

*Hyacinthe Ringrose,* for the respondent.

PAGE, J.:

The plaintiff claims to have been employed by the defendants as an agent to solicit business for a concern known as the Sun Navigation Company, owned and controlled by the defendants, on the agreement to pay for such services the sum of $50 each week plus ten per cent of the gross amount of business which the plaintiff during such employment should secure for the defendants. The plaintiff was paid his $50 a week during the period of his employment, and claims that he secured business to the amount of $60,000, and that there is $6,000 due him for his services from July 1 to December 15, 1917. The application for attachment is upon the ground that the defendants are about to assign, dispose of and secrete property with intent to defraud their creditors. There are no acts set forth, except that the defendants intend to incorporate their business under the name of the Sun Shipping Company, and that the defendant Thomas V. Malley on at least six different occasions in the last three months has told the plaintiff that the Sun Navigation Company was going out of business and that all of said firm's assets would be transferred and assigned, without consideration, to a new business corporation known as the Sun Shipping Company, Inc. The affidavit of Thomas V. Malley is not produced, and it appears from the moving affidavits on this application that Malley is, and at the time the statements were made was, no longer associated with the defendants O'Reilly and McCarthy, but engaged in a competing business.

There are no facts shown that would tend to substantiate these hearsay statements of Malley. Furthermore, the affidavit on which the warrant was granted is insufficient. It

states that the plaintiff " is entitled to recover the sum of $6,000 with interest over and above all counterclaims known to him inasmuch as set forth in the foregoing paragraphs the defendants owe him $6,000 as commission, plus interest from September 20, 1919; and none of the defendants has claimed to have any counterclaim against the plaintiff." The Code of Civil Procedure (§ 636) requires that this statement should be made positively and on the knowledge of the plaintiff and not argumentatively, as in this case.

While there are a number of affidavits submitted and the contract of employment on a commission basis is specifically denied by each of the defendants, there are no further facts stated by the plaintiff in support of his allegation of the fraudulent intent of the defendants. The affidavits of the defendants fully disclose their purpose in incorporating their business, and that they are solvent and able to meet all their obligations and that they have paid out since the attachment something over $12,000 in discharge of their current liabilities.

Fraud cannot be inferred, it must be proved. No demand appears to have been made for the payment of a commission upon these defendants until the bringing of this action, which was more than two years after the plaintiff left defendants' employ.

The order should be reversed, with ten dollars costs and disbursements, and the motion to vacate the attachment granted, with ten dollars costs.

CLARKE, P. J., DOWLING, SMITH and GREENBAUM, JJ. concur.

Order so far as appealed from reversed, with ten dollars costs and disbursements, and motion to vacate attachment granted, with ten dollars costs.