EDWARD F. NOLAN, Plaintiff, *v.* LOUIS WORKMAN CO., INC., Defendant.

Supreme Court, Queens County, November 16, 1932.

*Milton R. Weinberger,* for the plaintiff.

*Abraham N. Geller,* for the defendant.

DUNNE, J. The question presented by this motion is whether upon the new proofs by the affidavits from both sides the warrant of attachment heretofore granted should be vacated. The action was brought by the plaintiff herein upon an employment contract, the plaintiff alleging that he was wrongfully discharged by the defendant. The warrant of attachment herein was obtained pursuant to the provisions of sections 902 and 903 of the Civil Practice Act, plaintiff alleging that defendant herein was about to assign, dispose of and secrete its property with intent to defraud its creditors. The statutes granting the right to an attachment must be strictly construed against those seeking attachment (*Kelderhouse* v. *McGarry,* 82 Misc. 365) and in favor of those against whom the attachment is sought (*Rosenzweig* v. *Wood,* 30 Misc. 297). The statements relied upon by plaintiff and upon which the warrant is predicated are insufficient to justify the issuance of an attachment. They are based upon mere suspicions and conclusions on the part of plaintiff as to defendant's intention to dispose of and secrete its property with intent to defraud its creditors. (*Durkin*

v. *Paten*, 97 App. Div. 139; *Thompson* v. *Dater*, 57 Hun, 316; affd., 125 N. Y. 749.) Plaintiff's chief reliance is based upon the alleged assertion that defendant intends to liquidate its business. This is not a sufficient ground. (*Anderson* v. *Malley*, 191 App. Div. 573; *McLoughlin* v. *Consumers' Brewing Co.*, 20 Misc. 144; *Dickey* v. *Findeisen*, 177 App. Div. 861; *Kelderhouse* v. *McGarry*, 82 Misc. 365; *Haulenbeck* v. *Coenen*, 20 Civ. Proc. 6; *Ladew* v. *Hudson River B. & S. Mfg. Co.*, 61 Hun, 333.) The remaining allegations relied upon by plaintiff are also insufficient. (*Donnelly, etc., Co.* v. *Stanton*, 6 Misc. 168; *McGrath* v. *Sayer*, 19 App. Div. 321.) Furthermore, it appears from the affidavits submitted on this motion that all the corporate moneys are in local banks and that all known debts are paid. It also appears that no overt act was committed by defendant in furtherance of his alleged intentions. The motion to vacate warrant of attachment is granted.