EATON FACTORS CO., INC., Respondent, *v.* DOUBLE EAGLE CORP., Defendant, and MIRIAM MELTZER et al., Appellants.

First Department, October 23, 1962.

*Charles Sutton* for appellants.

*Mortimer Haas* for respondent.

*Per Curiam.* This is an appeal from an order denying a motion to vacate an attachment. The warrant was applied for and issued against the property of the individual defendants, appellants here, on the alleged ground that they have removed or are about to remove property from the State with intent to defraud their creditors, or have assigned, disposed of or secreted, or are about to assign, dispose of or secrete property with the like intent. (Civ. Prac. Act, § 903, subd. 3.) The basis of the plaintiff's charge in this connection was that the appellants, being the sole stockholders and officers of the corporate defendant, caused or participated in the secreting, removal or disposal of corporate assets and its trucking business, including certain trucks and trailers owned by it and mortgaged to the plaintiff; and that this was accomplished with the intent to defraud the plaintiff. The trucks, trailers or other assets of the corporation, a separate entity, would not, however, have been subject to the claims of appellants' creditors as such, and thus, the secreting or disposal of such assets could not result in their being

defrauded insofar as they were such creditors. The general rule is that, to justify an attachment on this particular ground, "the property removed or secreted must be the property of the defendant" (10 Carmody-Wait, New York Practice, p. 50), and plaintiff's allegations here of a disposal of corporate assets will not sustain the warrant of attachment.

In any event, the question here is whether or not there has been a sufficient showing of the existence of a fraudulent intent accompanying the alleged overt acts of the appellants. "The mere removal or assignment or other disposition of property is not ground for attachment. There must coexist an intent of the debtor to defraud his creditors. From disposition of the property no presumption of intent to defraud arises. Such intent must be proved, and the facts relied upon to prove it must be fully set out in the moving affidavits." (10 Carmody-Wait, New York Practice, p. 51.)

"Fraud cannot be inferred, it must be proved" (*Anderson* v. *Malley*, 191 App. Div. 573, 575). The fact that the affidavits in support of an attachment contain allegations raising a suspicion of an intent to defraud is not enough (*Mohlman Co.* v. *Landwehr*, 87 App. Div. 83, 85); it must appear "that such fraudulent intent really existed in the mind of the defendants, and not merely in the ingenuity of the plaintiffs" (*Thompson* v. *Dater*, 57 Hun 316, 319). Thus, fraud is never presumed by a mere showing of the liquidation or disposal by a debtor of its business assets (*Nolan* v. *Workman Co.*, 146 Misc. 99, 100 and cases cited). Here, too, the appellants are not to be deemed chargeable with fraud merely because, in connection with the liquidation of the corporate trucking business, they received a substantial sum in consideration of a limited agreement by them, as individuals, to refrain from engaging in such business. And also, here, the requisite showing of a fraudulent intent on the part of the appellants is not sufficiently made out by the alleged statements of certain of them to plaintiff to the effect that they had sold "out all of our assets" and that the plaintiff's judgment would be uncollectible. There was here no showing of a secreting or disposal of any particular assets of the appellants with intent to defraud their creditors.

The complaint and affidavits submitted by plaintiff are insufficient to sustain the warrant. (Cf. *Anderson* v. *Malley*, 191 App. Div. 573, *supra*; *Dickey* v. *Findeisen & Kropf Mfg. Co.*, 177 App. Div. 861; *Durkin* v. *Paten*, 97 App. Div. 139; *Mohlman Co.* v. *Landwehr*, 87 App. Div. 83, *supra*; *Thompson* v. *Dater*, 57 Hun 316, *supra*; *Horton* v. *Fancher*, 14 Hun 172; *Nolan* v. *Workman Co.*, 146 Misc. 99, *supra*; *Kelderhouse* v. *McGarry*, 82 Misc. 365;

*Banker* v. *Hubbard,* 24 N. Y. S. 2d 286; *Brush* v. *Brush,* 111 N. Y. S. 2d 715; *Dhooge Bros.* v. *Mecho,* 15 A D 2d 774.)

The order, entered August 31, 1962, denying the motion to vacate the warrant, should be reversed on the law, with $20 costs and disbursements, and the motion of defendants-appellants to vacate the warrant of attachment should be granted, with $10 costs.

BOTEIN, P. J., McNALLY, STEVENS, EAGER and STEUER, JJ., concur.

Order, entered on August 31, 1962, denying motion to vacate the warrant, unanimously reversed on the law, with $20 costs and disbursements to appellants, and defendants-appellants' motion to vacate the warrant of attachment granted, with $10 costs. Settle order on notice.