LACO X-RAY SYSTEMS, INC., Appellant, v MARK FINGERHUT
et al., Respondents, et al., Defendants. (And a Third-
Party Action.)

Second Department, August 30, 1982

*Irving Gingold* (*Louis Schaeffer* of counsel), for appellant.

*Guazzo, Silagi, Craner & Perelson, P. C.* (*Mitchel B. Craner* of counsel), for respondents.

**OPINION OF THE COURT**

TITONE, J. P.

In this action to recover damages for services rendered on X-ray equipment and goods sold in connection therewith, plaintiff appeals, (1) as limited by its notice of appeal and brief, from so much of an order in which Special Term (BALLETTA, J.), (a) adhered to an earlier determination, *inter alia,* vacating an order of attachment that plaintiff had previously obtained, and (b) denied plaintiff's application for court supervision of the dissolution and liquidation of the corporate defendant; and (2) from a subsequent judgment in which Special Term (DELIN, J.), determined, *inter alia,* that codefendant Gade, as a successor owner of the X-ray equipment, possessed all right, title and interest in the X-ray equipment, that the dissolution and liquidation of the defendant professional corporation was not done to defraud plaintiff as a creditor of such corporation, and that Gade possessed all right, title and interest in the unit free of any interest of the judgment debtor (the dissolved corporate defendant) and the judgment creditor (plaintiff). With respect to the judgment appealed from, plaintiff contends that Special Term should have determined that defendant Gade is a constructive trustee for the benefit of plaintiff as a judgment creditor of the dissolved professional corporation and that the Sheriff should levy upon the X-ray unit pursuant to an execution issued under

plaintiff's default judgment obtained against the corporation.

## FACTS

On April 26, 1978, plaintiff Laco X-Ray Systems, Inc. (Laco), entered into a contract with defendant Mark Fingerhut whereby Laco would dismantle, move, and install a used X-ray unit which he had previously purchased. Under the contract Fingerhut agreed to pay Laco the sum of $4,300 plus sales tax. Fifteen hundred dollars of such sum was paid as a deposit leaving a balance of $3,101. In addition to the work called for under the contract, Laco also performed other work, labor and services in connection with the installation and upkeep of the unit, which, according to Laco, increased the total amount due and owing it from Fingerhut and his successor to the sum of $10,694.18, plus interest.

Sometime during the installation of the unit, Fingerhut sold it to defendant Cross County Radiological Associates, P. C. (Cross County). Cross County, a professional corporation formed by defendant Ronald Gade, his wife Doctor Marie Gade, and defendant Doctor Lucille P. Taverna, also assumed the agreement between Laco and Fingerhut.

On June 27, 1979, Cross County sold the X-ray equipment to Radiological Associates of Long Island, P. C. (Radiological). The net price received by Cross County from Radiological, after deducting some $20,000 to $25,000 which Cross County "owed" Radiological, was $577.63. The officers, directors and principals of Radiological were the same as those who formed and controlled Cross County. The agreement between both professional corporations also provided, *inter alia,* that Radiological was purchasing all of Cross County's assets and assuming all of the liabilities owed by Cross County. This included any potential liability with respect to the claim of Laco. On June 29, 1979, a certificate of dissolution was filed as to Cross County.

On June 1, 1980, Radiological sold the X-ray equipment to defendant Gade. Gade signed an assumption agreement, personally agreeing to pay all liabilities of Radiological regarding any of its contracts relating to such equipment.

Prior to that sale, specifically in June, 1979 and on September 12, 1979, Laco had made demands upon Gade for money allegedly owed it for installing and servicing the X-ray equipment, which demands Gade rejected.

Based on a supporting affidavit by plaintiff's president, Charles Lamberta, in which he stated, *inter alia,* that Fingerhut informed him during a conversation that defendants Cross County, Lucille Taverna, and Ronald Gade, were in the process of selling the X-ray equipment although moneys were still due and owing plaintiff for its labor and services with respect thereto, Special Term (VELSOR, J.), on July 2, 1980, granted Laco's application for an order of attachment against the property of Fingerhut, Cross County, and the two other individual defendants, Taverna and Gade. Pursuant to such order, the Sheriff of Nassau County attached and removed the X-ray equipment from Gade's office.

However, on September 2, 1980, Special Term (BALLETTA, J.), denied plaintiff's motion to confirm the order of attachment, and granted defendant Gade's cross motion to vacate such order, on the grounds that (a) plaintiff's moving affidavits on the motion to confirm had no probative value and were insufficient to show a fraudulent intent to secrete or dispose of the X-ray unit, and (b) plaintiff failed to meet the burden of showing that the levy was necessary for security purposes since the individual defendants were medical doctors, and there was no evidence of their insolvency or that they would be unable to pay a judgment and costs of approximately $11,000.

On plaintiff's application to renew and for other relief, Special Term, by order dated October 2, 1980, (a) granted the application and, upon renewal, adhered to the determination, *inter alia,* vacating the order of attachment, (b) denied the branch of plaintiff's application which sought to have the court supervise the dissolution and liquidation of Cross County, and (c) granted the branch of plaintiff's application for a default judgment against Cross County, and directed that an inquest be held on the issue of damages. Plaintiff appeals from Special Term's adhering to the vacating of the order of attachment and its refusal to supervise the dissolution and liquidation of Cross County.

After the inquest stemming from Cross County's default, plaintiff, on November 10, 1980, was awarded a money judgment in the principal sum of $10,694.18. Thereafter, it moved to levy execution against the X-ray equipment. The court directed that a hearing be held as to whether, *inter alia,* Cross County owned the X-ray unit. After such hearing Special Term (DELIN, J.) held that Gade did not "spirit" the X-ray machine out of the premises in which it was located so as to get it out of the hands of Laco, and that Cross County was dissolved not to defraud Laco, but in the interests of that business because the other corporation (Radiological) was being operated by the same parties. The judgment entered upon such decision directed that judgment be entered in favor of Gade determining that he possessed all right, title and interest in the X-ray unit free of any interest of the judgment debtor (Cross County) and the judgment creditor (Laco). Plaintiff has appealed.

### VACATING OF ATTACHMENT

In our opinion the determination of Special Term granting defendant Gade's motion to vacate the order of attachment and its denial of plaintiff's motion to confirm such order, should be affirmed.

CPLR 6223 (subd [b]) provides as follows: "Burden of Proof. Upon a motion to vacate or modify an order of attachment *the plaintiff shall have the burden of establishing* the grounds for the attachment, the need for continuing the levy and the probability that he will succeed on the merits." (Emphasis supplied.)

Clearly, no evidence was adduced to show that the proposed sale was intended to defraud plaintiff as a creditor or frustrate the enforcement of any judgment rendered in its favor, by assigning, disposing of, encumbering or secreting the X-ray equipment, or removing it from the State, or that the defendants were about to carry out any of such acts (see CPLR 6201, subd 3). The mere removal or assignment or other disposition of property is not grounds for attachment (*Eaton Factors Co. v Double Eagle Corp.*, 17 AD2d 135). Fraud cannot be inferred; it must be proved (*Anderson v Malley*, 191 App Div 573).

Moreover, as Special Term correctly noted, plaintiff failed to meet the statutory burden of showing that the levy of the order of attachment was necessary for security purposes (see CPLR 6223, subds [a], [b]). An order of attachment will be vacated if the attachment is unnecessary for security (*AMF Inc. v Algo Distrs.*, 48 AD2d 352).

As is apparent from the record, the only proof submitted as to whether Gade, the owner of the equipment at the time the order of attachment was issued, was judgment proof, was from Gade himself. In an affidavit supporting the motion to vacate the order of attachment, Gade stated, without challenge, that he was a medical doctor specializing in radiology, that his present holdings and assets in this State were such that any judgment (in favor of plaintiff) could easily be satisfied from such holdings and assets and, *inter alia,* that his annual earnings were far in excess of plaintiff's potential judgment (approximately $11,000).

### JUDICIAL SUPERVISION OF DISSOLUTION
### OF CROSS COUNTY

We likewise concur in Special Term's denial of plaintiff's application to have the court supervise the dissolution and liquidation of Cross County. However, we do not agree with Special Term's reason for such denial, i.e., that plaintiff failed to bring a special proceeding for such relief which must be commenced by the service of a petition and notice thereof in the same manner as the service of a summons, citing section 1008 of the Business Corporation Law and CPLR 403. What Special Term failed to take into account is that, although CPLR 403 (subd [c]) does state that "[a] notice of petition shall be served in the same manner as a summons in an action", subdivision (d) of the same rule provides: "The court may grant an order to show cause to be served, *in lieu of a notice of petition at a time and in a manner specified therein.*" (Emphasis supplied.)

Nevertheless, and notwithstanding the default judgment obtained against Cross County by plaintiff, we believe that court supervision of Cross County's dissolution and liquidation is unwarranted and unnecessary in view of defendant Gade's guarantees and unchallenged proof of solvency.

## TRANSFER OF EQUIPMENT BY CROSS COUNTY

■ Under its first point on the appeal from the judgment, plaintiff argues that defendant Ronald Gade is a constructive trustee of the assets of Cross County and holds them for the benefit of creditors and claimants of Cross County, such as plaintiff. Thus, plaintiff takes the position that Special Term (DELIN, J.) erred in determining that defendant Ronald Gade enjoyed all right, title and interest in the X-ray equipment free of any interest of Cross County and plaintiff as a judgment creditor of Cross County. We agree with the position taken by plaintiff. A creditor may not be deprived of his equitable lien on property of a corporation by an agreement between the corporation and a transferee of the property that the latter shall assume and pay all the corporation debts. The consent of the creditor to accept the substituted debtor is essential to make such an agreement valid as against him. The entire assets may not be lawfully "set over" by the selling corporation to the purchasing corporation until some opportunity has been given to the creditors of the selling corporation to present and enforce their claims (*Darcy v Brooklyn & N.Y. Ferry Co.*, 196 NY 99, 102-103).

In this instance, defendant Ronald Gade, as an officer, director and stockholder of Cross County and the successor corporation, Radiological, and an active participant in the transfer of assets from the former to the latter, obviously was aware that plaintiff had an outstanding claim against Cross County. Plaintiff thus was left in the position of the creditor so aptly described by Judge WERNER in *Hurd v New York & Commercial Steam Laundry Co.* (167 NY 89, 95): "When he demands payment of his claim he is referred to the empty shell which is all that is left of the live corporation whose tangible assets constituted a trust fund for the payment of his debt at the time of its creation." Thus, as the ultimate transferee herein receiving corporate assets of Cross County with knowledge of the diversion, defendant Ronald Gade is liable as a constructive trustee (*Julien J. Studley, Inc. v Lefrak*, 66 AD2d 208, affd 48 NY2d 954).

■ We also agree with plaintiff's contention that the transfer of corporate assets in this instance violated provi-

sions of the Debtor and Creditor Law. Specifically, sections 273 and 274 of the Debtor and Creditor Law provide:

"§ 273. Conveyances by insolvent

"Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

"§ 274. Conveyances by persons in business

"Every conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is unreasonably small capital, *is fraudulent as to creditors* and as to other persons who become creditors during the continuance of such business or transaction *without regard to his actual intent*." (Emphasis supplied.)

The Debtor and Creditor Law applies to individual and corporate debtors alike. In general terms the statute condemns as fraudulent a conveyance made without consideration by a debtor who is thereby rendered insolvent (Debtor and Creditor Law, § 273). In a similar vein, it condemns as fraudulent a conveyance made without fair consideration when the transferor, *inter alia,* is engaged in a business or transaction for which the remaining property in his hands is an unreasonably small capital as to existing or to other persons who become creditors during the continuance of such business or transaction (Debtor and Creditor Law, § 274). In each situation the conveyance is vulnerable to attack by a creditor *without* regard to the actual intent *of the transferor—that is, the transfer is considered to have been* in constructive fraud of the creditor (*Julien J. Studley, Inc. v Lefrak,* 66 AD2d 208, *supra*).

It seems apparent that the sale of the X-ray equipment from Cross County to Radiological, both alter egos of defendant Gade, was made without fair consideration, i.e., $577.63 net, after Radiological deducted some $20,000 to $25,000 "owed" it by Cross County, and assumed Cross County's debts. In essence, the transfer of debits, credits and assets between the two nominal business entities

controlled by Gade constituted at the most mere paper transactions and bookkeeping entries in an intraorganizational structure. In no way did they result from arm's length negotiations between parties having diverse interests and goals. Succinctly stated, the assets of Cross County were conveyed in such a manner that its principals, especially defendant Gade, became preferred creditors to the detriment of other creditors such as plaintiff. Thus, both the corporate transfer of the X-ray equipment and its ensuing transfer to defendant Gade were constructively fraudulent, and plaintiff should have been permitted to levy thereon in order to satisfy its claim (see *Julien J. Studley, Inc. v Lefrak, supra*).

Accordingly, the order of Special Term dated October 2, 1980 should be affirmed insofar as appealed from. The judgment entered September 8, 1981 should be reversed, and the motion by plaintiff to levy execution upon the subject X-ray equipment granted.

LAZER, O'CONNOR and RUBIN, JJ., concur.

Order of the Supreme Court, Nassau County, dated October 2, 1980, affirmed insofar as appealed from, without costs or disbursements.

Judgment of the same court, entered September 8, 1981, reversed, on the law and the facts, without costs or disbursements, and plaintiff's motion to levy execution upon the X-ray equipment is granted.