■ NEW YORK CREDIT MEN'S ADJUSTMENT BUREAU, INC., as Assignee for the Benefit of Creditors of SPECTRUM LADIES WEAR, INC., Respondent, v JOSEPH LUBIN et al., Defendants, and SEASONAL FABRICS, INC., Appellant. — Order, Supreme Court, New York County (T. B. Galligan, J.), entered October 6, 1982 granting plaintiff's motion for an order of attachment, is unanimously reversed, on the law, so far as appealed from by defendant Seasonal Fabrics, Inc., and plaintiff's motion for an order of attachment is denied as against defendant-appellant Seasonal Fabrics, Inc., without costs. The order of attachment was granted under CPLR 6201 (subd 3), which reads: "3. the defendant, with intent to defraud his creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts". It may be that Joseph Lubin, the brother of Seasonal's principal, violated his fiduciary duties as chairman of the unofficial creditors' committee of Spectrum Ladies Wear, Inc., and converted or embezzled or dissipated property or money of Spectrum coming into his hands. Even assuming that Seasonal may be responsible for Joseph's misconduct, that misconduct did not defraud Seasonal's creditors. The assets disposed of were not "subject to the claims of appellants' [Seasonal's] creditors as such, and thus, the secreting or disposal of such assets could not result in their being defrauded insofar as they were such creditors." (*Eaton Factors Co. v Double Eagle Corp.,* 17 AD2d 135, 135-136.) (Further, plaintiff does not represent Seasonal's creditors, but Spectrum's.) The unavailability of attachment is confirmed by the following considerations: As pointed out by Professor (now Judge) McLaughlin, "attachment is available

only when it is necessary for jurisdiction or when the defendant is disposing of his property with the intent to defraud creditors." (Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C6201:1.) By the amendment of 1977 (L 1977, ch 860), various previous grounds for attachment were eliminated, including CPLR 6201 (former subd 8): "a cause of action to recover damages for the conversion of personal property". That seems to be the gravamen of the claim here. Concur — Sandler, J. P., Sullivan, Silverman, Fein and Milonas, JJ.