NELLIE O'ROURKE, Respondent, *v.* JOHN RANKIN, Appellant.

Second Department, November 5, 1920.

Attachment — departure of defendant for foreign travel — when no intent to remove property from State to defraud creditors established — failure to designate person to receive service of process — attachment vacated.

Mere proof that a defendant has sold his interest in a business and is about to sail for a foreign country is not sufficient to support a warrant of attachment upon his property under subdivision 2 of section 636 of the Code of Civil Procedure allowing an attachment where a defendant is about to remove property from this State with intent to defraud his creditors, where it appears as a matter of fact that substantially all his property, amounting to over $50,000, remains in local banks and trust companies and the defendant shows that all his known debts are paid.

Neither is such attachment justified because the defendant may remain outside the State for more than six months without having designated a person to receive service of process under section 636 of the Code of Civil Procedure.

APPEAL by the defendant, John Rankin, from an order of the Supreme Court, made at the Kings County Special Term

and entered in the office of the clerk of the county of Kings on the 26th day of July, 1920, denying defendant's motion, made on opposing affidavits, to vacate a warrant of attachment herein.

A denial of defendant's prior motion made before answering, and founded only upon the papers upon which the warrant was granted, has been here affirmed.   (192 App. Div. 918.)

From about October 1 to November 13, 1919, plaintiff, an actress, had occupied a room in the Hotel Gerard, Manhattan, of which defendant was the proprietor.  She left an unpaid bill of $24.71, for which her trunk, suitcase and a package were detained in the baggage room of the hotel on the claim of lien.

On February 6, 1920, defendant wrote plaintiff for payment, with a notice that otherwise there would be a sale of her effects.  No answer thereto was received.  On February 20, 1920, plaintiff's suitcase and a package were sold at auction, but her trunk was subsequently disposed of at private sale. Her trunk and contents (except for certain articles) have been since obtained and, on April twenty-third, are claimed to have been returned to her.

The complaint, verified March 16, 1920, averred a tender of the amount of plaintiff's debt on March 5, 1920, and demanded damages of $15,000 for the conversion of her effects.

Plaintiff having given an undertaking for $250, a warrant of attachment for the full amount was granted, under which defendant's account in the Empire Trust Company was attached.  The warrant of attachment (dated March 17, 1920, under Code of Civil Procedure, section 636, subdivision 2) stated that defendant, a resident of this State, " is about to remove property from this State with intent to defraud his creditors."  Plaintiff's affidavit gave as the grounds therefor, information from the employees and guests of the Hotel Gerard " that this defendant had sold out his interest in said hotel and was about to sail for Australia, where he intends to remain; " as he had reserved passage on the steamship *Niagara* for Australia, sailing on March twenty-ninth.

The defendant's moving affidavit, made in Victoria, B. C., showed that he had no debts, and that he was then worth

more than $50,000, and excepting what he needed for the expenses of his trip that all his property is in the State of New York; that he has left on deposit with a bank in New York city bonds and securities of upwards of $50,000, besides moneys in the Empire Trust Company. He set forth that the journey of himself and wife was for the benefit of foreign travel, and that they chose Australia, rather than to visit a country harassed by the late war, where the defendant and wife have visited frequently. The reality of $50,000 on deposit was confirmed by the affidavit of the trust officer of the bank. That his furniture had been stored with friends until they should return to New York. That according to an affidavit of Mr. Reed, the defendant and wife had already selected a site for a residence in New York, to be built after defendant's return.

Plaintiff offered answering affidavits referring to reports that defendant was going to Australia for the purpose of entering into the hotel business there, and that defendant himself had so stated to one of his hotel guests. In reply, Mr. Patterson, one of defendant's attorneys, deposed to an unsuccessful effort to telegraph to defendant, also that defendant had stated to deponent that he did not wish ever again to be in the hotel business, which he had entered solely to protect his father's property, and that he was glad he was going out of it.

The learned justice at Special Term denied the motion to vacate, but authorized a discharge of the attachment levy, by an undertaking in the sum of $2,500.

*John Patterson* [*Herbert C. Brinckerhoff* with him on the brief], for the appellant.

*David J. Wagner*, for the respondent.

PUTNAM, J.:

The evidence that a person is leaving the State on a journey overseas is far from a ground to support the charge that he is removing " property from this State with intent to defraud his creditors." We are not now concerned so much with the plaintiff's charge of conversion of her effects. The question

is whether upon the new proofs by the affidavits from both sides there appears ground to determine that defendant was removing property to defraud his creditors. There is no basis whatever for such imputation. The mere fact that, in these times of extended travel, a resident of New York gives up his business and engages passage by sea to a foreign land cannot make out a removal of property to defraud his creditors, especially when substantially all his property remains in local banks and trust companies, and he shows clearly that his known debts are paid. (*Dickey* v. *Findeisen & Kropf Mfg. Co.,* 177 App. Div. 861.)

A party relying upon a right to a remedy against another based upon the defendant's alleged commission of a fraud, must show affirmatively facts and circumstances necessarily tending to establish a probability of guilt, in order to maintain his claim. (*Morris* v. *Talcott,* 96 N. Y. 100, 107.)

Neither is this attachment aided by the argument that it now appears that defendant may remain outside this State for more than six months, without having designated a person to receive service of process, under the last part of the Code of Civil Procedure, section 636. The plaintiff has an appearance in the cause, with defendant's answer. Her attachment should fall for the lack of the statutory conditions which alone can justify such a provisional remedy.

I advise, therefore, that the order be reversed, with ten dollars costs and disbursements, and the defendant's motion be granted, with ten dollars costs.

JENKS, P. J., MILLS, RICH and KELLY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and defendant's motion granted with ten dollars costs.