Mario Pittoni, J.
Motion to vacate a warrant of attachment is granted.
As a condition precedent to the obtention of a warrant the plaintiff was obliged to state facts to show that defendant ‘1 has removed or is about to remove property from the state with *480 intent to defraud * * * its creditors, or has assigned, disposed of or secreted, or is about to assign, dispose of or secrete property with the like intent ” (Civ. Prac. Act, § 903, subd. 3). [Italics supplied.] Here, according to the affidavit of the plaintiff submitted in support of the warrant, the defendant notified the plaintiff on June 1, 1961 of its intention to move its ‘1 personal property from said premises for shipment to its new location in California ” but there are no averments with respect to (1) the financial condition of the defendant, (2) the removal by defendant of its assets from New York, regardless of where situated, and (3) that the removal is with the intent to defraud. 11 A party relying upon a right to a remedy against another based upon the defendant’s alleged commission of a fraud, must show affirmatively facts and circumstances necessarily tending to establish a probability of guilt, in order to maintain his claim ” (O’Rourke v. Rankin, 193 App. Div. 494, 497).
Clearly, the papers are insufficient to show the presence of any fraudulent intent. As no facts have been submitted on this motion to indicate that the deficiency may be remedied, the movant is entitled to the vacatur requested.